AT INDIANAPOLIS, MAY TERM, 1825, IN THE NINTH YEAR OF THE
STATE.

---

## MEMORANDA.

THE seat of government of the state was removed from *Corydon* to *Indianapolis*, by a statute approved the 20th day of *January*, 1824.

The general assembly convened at the last-mentioned place, for the first time, on the 10th day of *January*, 1825.

The present term of the Supreme Court, being the first at *Indianapolis*, commenced on the 2d day of *May*, 1825.

---

### MAGRUDER *v.* MARSHALL, Administrator.

In an action on a replevin bond, the defendant cannot question the constitutionality of the statute under which the bond was executed.

SCOTT, J.—Judgment, execution, and replevin bond; the intestate replevin surety; scire facias against his administrator; plea to the scire facias, that the bond was given for ease and favour; replication to the plea; demurrer and joinder. The defence set up is, that the law authorizing replevin bonds is unconstitutional and void; and this is the only question we are called upon to decide:

*Tuesday,*
*May 3.*

May Term,
1825.

Much has been said and written on this vexata quæstio, and much talent has been employed in its discussion, not only here but in some of our sister states; and in this case it has been urged upon us with great pertinacity. However, after all that has been said, there is one consideration which, apart from all others, is sufficient to put this case to rest. The party who has availed himself of all the advantages of the replevin law, comes here now and complains that it is unconstitutional. What injury has he sustained? What constitutional right of his has been infringed? With what colour of justice can he come here to claim the advantage of his own unconstitutional proceedings? If any person has a right to complain, it is the party who has sustained the injury, not he who has done the wrong and enjoyed the benefit. The defendant, by accepting the indulgence given by the statute, is estopped to say now that it is unconstitutional and void. The creditor might demand his constitutional rights, or waive them, at his election; the debtor, after accepting the indulgence, and enjoying the benefit, of the statute, cannot now change his course. This we take to be sound law, as well as sound reason and good policy. Vide 5 Co. R. 39.—2 Bac. 490.—Hard. 518.

*The Court* awarded execution against the defendant as administrator, &c. to be levied of the goods, &c.

*Howk,* for the plaintiff.

*Nelson,* for the defendant.