## LESSEY VS. THE PRESIDENT AND TRUSTEES OF GREEN BAY.

1. MUNICIPAL CORPORATION — ESTOPPEL. In an action upon a note given to the president and trustees of Green Bay for a balance of the sum required of the maker for a grocery license, under the act incorporating the town of Green Bay, the defendant is presumed to have had full knowledge of the powers conferred upon the president and trustees, and having contracted with them for a license under the act, and enjoyed its benefits, is estopped from raising any question as to their authority to grant the license, or whether they had passed and published any ordinance on the subject of granting licenses.

2. CHARTER OF GREEN BAY. The provisions of the act incorporating the town of Green Bay (Laws 1839, 22), relating to granting licenses, were not repealed by the territorial statutes of 1839.

ERROR to the District Court for *Brown* County.

The case is stated in the opinion of the court.

*Morgan L. Martin*, for plaintiff in error. After the defendant had proved that the consideration for which his note was given was the granting of a grocery license, it then became the duty of the plaintiffs to prove that they had done all that the law required on their part to perform the contract. 1 Cow. & Hill's notes, Phil. Ev. 475. They should have shown that they had passed and published an ordinance on the subject, and had authority to grant a license. The authority relied on was given by the act of March, 1839, incorporating the town of Green Bay (Local Laws 1839, 22); but this act was virtually repealed by Wisconsin statutes of 1839, which took effect July 4, 1839, vesting the power of granting licenses in the county commissioners.

*D. Agry* and *John Catlin*, for defendants in error.

DUNN, C. J. This was an action of assumpsit brought by the defendants in error as plaintiffs below against the plaintiff in error, who was defendant, in the district court of Brown county, to recover the amount due on a promissory note given by the defendant to the plaintiffs, for

Lessey vs. The President and Trustees of Green Bay.

$82.27. The case was tried at the October term, 1842. The note was read as evidence to the jury, and the plaintiffs closed. The defendant then proved that the note was given to the plaintiffs for the balance of $100 which defendant had agreed to pay plaintiffs for a grocery license. The defendant offered the clerk of the board composed of the plaintiffs, to prove, that "no ordinance had ever been published in conformity with the terms of the charter, relative to the licensing and regulating groceries in said town," which was objected to and rejected by the court.

The defendant then offered to prove by the same clerk, that "there was no ordinance or by-law of the president and trustees, which had been passed and published according to the charter of the town authorizing the treasurer to grant license or make any contract respecting a license, or receive a note in payment for a license, to keep a grocery within said town;" which was also objected to and rejected by the court.

The case was then submitted to the jury upon this charge : "That the note presents a legal claim ; to prevent the recovery, the defendant proves that it was given for the balance of payment for a grocery license. The opinion of the court is, that the plaintiffs can in law, recover on a note given for this consideration." The jury found for the plaintiffs.

The grounds assumed in error, are: 1st. " That the only consideration for the note declared on was a pretended license to keep a grocery." 2d. "That the keeping a grocery without license, being a criminal offense by statute, it was necessary that the power to grant license, and the granting a legal license, sufficient to protect the defendant from the penalty imposed for that offense, should be shown by the plaintiffs, or the note was without consideration and void."

The true consideration of the note being proven, the foundation of all legal objections to the consideration of the note is laid.

The only question to be examined here is, whether the plaintiffs below, under the facts of the case, were required to go behind the note, and prove that they had, by complying with the terms of their charter, in every respect, acquired the power of granting a legal license. The defendant below contracted with the plaintiffs as a corporation legally in existence with the power to grant grocery license. Their charter was a public act, though operating in a particular locality, for the ease and convenience of the inhabitants of the village of Green Bay ; and the ordinances were equally public, when made. The defendant had every means of knowing the power and authority of the plaintiffs in the premises, and having contracted for a license, and derived a benefit under the contract, the law will presume that he had full knowledge of the power of the plaintiffs, properly acquired, to confer the benefit for the price agreed on, and hold him estopped from raising any question on the consideration of the note, either growing out of their existence as a corporation, or the passing and publishing ordinances in relation to the license granted.

This principle has been decided by this court, in *McKnight v. The President and Trustees of the town of Mineral Point*, *ante*, and an analogous case is there referred to. *Henriques v. Dutch West India Company*, 2 Lord Raymond, 1535. Strict preliminary proof is not required in such cases, the party defendant below, having concluded himself on these points. 1 Peters, 450 ; 7 Cowen, 462 ; *Davis v. Insurance Company*, 1 Johns. 486 ; 1 Blackf. 333 ; 5 Wend. 547.

It is unnecessary to consider where the *onus probandi* lay, as the facts insisted on in defense were not admissible in this case.

We are decided, that the local law incorporating the president and trustees of the town of Green Bay was in force at the date of the transaction, and not in any way disturbed or set aside by the general law regulating the

granting of grocery license, if it were necessary to consider that question here at this point.

The judgment of the district court is affirmed, with costs and damages thereon, at the rate of seven per centum on the amount recovered below.