## COLEMAN *a.* BEAN.

*New York Common Pleas; General Term, July*, 1861.

RECITALS IN UNDERTAKING.—ESTOPPEL.—FRAUD.

Those who execute an undertaking are estopped from contradicting its recitals to defeat the instrument.

In an action upon an instrument in the form of the undertaking required by the Code (§§ 240, 241) to be given on the discharge of an attachment, reciting the commencement of an action, the issuing of the attachment, and the making of application for its discharge;—*Held*, that the subscribers to the undertaking should not be allowed to show that recitals were untrue.

Evidence of fraud on the part of persons other than plaintiff, without his privity, in procuring the execution of the instrument sued upon, is properly rejected.

Appeal from a judgment.

This was an action upon an undertaking which was entitled, in an action brought by the present plaintiff against the Gal-

veston, Houston, & Henderson Railroad Company, and was as follows:

[Title of the cause.]

An attachment having been issued in the above action to the sheriff of the city and county of New York, and the above-named defendant having appeared in such action, and being about to apply to the officer who issued such attachment or to the above-mentioned court for an order to discharge the same: We, Joseph B. Wheelock, of No. . . . . . . street, in the city of . . . . . ., and A. H. Bean, of No. . . . . . . street, in said city, do hereby, pursuant to the statute in such case made and provided, in consideration of one dollar to each of us in hand paid, undertake, in the sum of thirteen hundred dollars, that we will, on demand, pay to the above-named plaintiff, the amount of the judgment which may be recovered against the above-named defendant in this action, not exceeding the above-mentioned sum.

Dated New York, December 21, 1857.

JOSEPH B. WHEELOCK. [L. S.]
A. H. BEAN. [L. S.]

The plaintiff recovered judgment against the railroad company for $775.28.

The answer of Bean in the present action denied the delivery of the undertaking; averred that its execution by him was procured by means of false and fraudulent representations; that in order to induce defendant to sign the undertaking, it was falsely and fraudulently represented to him that an action had been commenced in the Supreme Court of the State of New York, in favor of the plaintiff, against the Galveston, Houston, & Henderson Railroad Company, in which a warrant of attachment had been issued against the property of the company as a foreign corporation, and that under and in pursuance of the warrant, the sheriff had levied upon and taken into his possession property of the corporation of great value, and that in order to relieve the property from levy and seizure, and to restore the same to the possession of the company, it was requisite to execute an instrument of the kind and tenor set forth. That confiding in the truth of the representations so made, and be-

lieving the same to be true, he signed the instrument. That the representations so made were false and untrue, and that neither at the time of the commencement of the action against the company, nor at any time subsequent, had any warrant of attachment been issued to the sheriff against the property of said Galveston, Houston, & Henderson Railroad Company in said action, nor had the sheriff levied upon or seized any property of the corporation in pursuance of any such warrant or otherwise. That neither at the time of the commencement of said action, nor at any time since, had the railroad company any property within this State subject to levy and seizure under attachment, or upon which plaintiff could have made levy under any warrant, had one been issued. That the signing of the instrument was wholly without consideration and void, and that no obligation was thereby created or imposed on defendants. That no application was ever made for the discharge of any warrant of attachment in favor of plaintiff against the corporation. That the statements in the instrument annexed to said complaint, to the effect that an attachment had been issued to the sheriff of the city and county of New York in the action of plaintiff against said company, and that an application was about to be made to the officer issuing the same for the discharge thereof, were wholly without foundation, and so known to be to the plaintiff, when defendant was induced to sign the instrument.

Upon the trial of the action, defendant Bean offered to prove, that in order to induce the defendants to execute the instrument, the secretary of the said company, falsely and fraudulently stated, that in the former action a warrant of attachment had been issued to the sheriff of the city and county of New York, against the property of the company as a foreign corporation, and that under the warrant the sheriff had seized and taken into his possession a large amount of property, and that in order to release the property, and to restore the same to the possession of the company, it was necessary that defendant should execute such instrument, and that the defendant Bean, confiding in the truth of said statements and representations, was induced to execute said instrument, and that the said representations and statements were false, and were made with fraudulent intent.

The court excluded the testimony, and to this the defendant excepted.

Defendant offered to prove, that the consideration therein expressed was not paid, or agreed to be paid. That the secretary and managing agent of the company made the representations and statements in the preceding offer mentioned, and asked the defendant Aaron H. Bean to execute the said instrument, and that the defendant Bean thereupon, and without any considerations whatever, executed the instrument and delivered the same to the secretary.

The court excluded the testimony, and each part thereof, and the defendant excepted.

The defendant offered to prove, that the said secretary and managing agent applied to the defendant Bean to execute the instrument, and in order to induce the defendant Bean to execute the same, made the representations and statements in the first offer made, and that the said defendant Bean thereupon executed said instrument, and that no attachment was in fact at any time granted or issued in the said action.

The court excluded the testimony, and defendant excepted:

The defendant offered to prove, that no attachment was issued or granted in the said action, and that no property of the said company had been seized under any attachment, and that no application was made to discharge any attachment against the said company.

The court excluded the testimony, and defendant excepted.

The plaintiff recovered judgment for $982.29. The defendant Bean appealed to the general term.

*John E. Burrill,* for the appellant.—I. The instrument on its face purported to have been executed in pursuance of the provisions of the statute, and the complaint alleged that it was executed and delivered as a proceeding in the action. The offer of the defendant was to show that there was no authority to take or receive the instrument, and that as a statutory security it was a nullity. (*Code,* §§ 240, 241.)

II. The defendant was not estopped by the recitals in the undertaking from proving that an attachment had been issued or served. 1. The plaintiff did not do any act, or take any step in reliance upon the undertaking. (Cadwell *a.* Colgate, 7 *Barb.,*

253; Dezell a. Odell, 3 *Hill*, 215.) 2. The fact whether an attachment had been issued or not was within the knowledge of the plaintiff, and not within that of the defendant. 3. The distinction between the cases where an obligor has been held to be estopped, and the present, is shown in the following cases: Cadwell a. Colgate (7 *Barb.*, 253); Bowne a. Mellor (6 *Hill*, 496); Homan a. Brinckerhoff (1 *Den.*, 184). 4. The defendant offered to show that the representations made to him that an attachment had been issued were false, and made with fraudulent intent. In such case no estoppel could arise.

III. The defendants offered to show that false and fraudulent representations in regard to the issuing and levy of the attachment had been made by the secretary of the company, and that confiding therein, and influenced thereby, and without any consideration, they executed the instrument, and delivered the same to the said secretary. This offer was erroneously excluded. 1. The rule is, that in all cases and classes of instruments, one may show that he was induced to execute the instrument by fraud. 2. The secretary of the company was the agent of the plaintiff to obtain the security. 3. The circumstances under which the plaintiff took the instrument, in connection with the false recitals contained in it, were sufficient to charge the plaintiff with participation in it.

IV. There is no consideration expressed in the instrument, and the defendant offered to prove that there was no consideration whatever for its execution. 1. The instrument does not allege any consideration for the instrument, independent of the consideration named by the statute. 2. It is not averred to have been done pursuant to statute, and in consideration of one dollar.

*Albert Mathews*, for the respondent.—I. By giving the undertaking, the defendant is estopped from contradicting the facts recited and contained in it. (Haggart a. Morgan, 4 *Sandf.*, 198; 5 *N. Y.*, 422; Franklin a. Pendleton, 3 *Sandf.*, 572; Decker a. Judson, 16 *N. Y.*, 439.) 1. The preliminary proceedings, and issuing attachment, &c., are well pleaded by setting forth the undertaking; and well proved by the production or admission of contents of the original. (Franklin a. Pendleton, 3 *Sandf.*, 572; Slack a. Heath, 4 *E. D. Smith*, 95; Shaw a. To-

bias, 3 *N. Y.*, 188.) 2. The defendant cannot contradict the consideration expressed upon the face of the undertaking for the purpose of defeating it. (McCurtie *a.* Stevens, 13 *Wend.*, 527; McCrea *a.* Purmort, 16 *Ib.*, 460; Bank of U. S. *a.* Housman, 6 *Paige*, 526; Meriam *a.* Harsen, 2 *Barb. Ch.*, 232, 267; Barnum *a.* Childs, 1 *Sandf.*, 58; Decker *a.* Judson, 16 *N. Y.*, 439; 3 *Cow. & Hill*, 1438.) 3. The defendant cannot contradict the recitals in the undertaking. (Ring *a.* Gibbs, 26 *Wend.*, 502; Loomis *a.* Brown, 16 *Barb.*, 325; Morange *a.* Mudge, 6 *Abbotts' Pr.*, 243; Decker *a.* Judson, 16 *N. Y.*, 439; Sumner *a.* Glancy, 3 *Blackf.*, 361; Trimble *a.* State, 4 *Ib.*, 435; May *a.* Johnson, 3 *Ind.*, 449; Guard *a.* Bradley, 7 *Ib.*, 600; Allen *a.* Luckett, 3 *J. J. Marsh.*, 164; Kellog *a.* Becker, 4 *Ib.*, 655; Stockton *a.* Turner, 7 *Ib.*, 192; Stow *a.* Wyse, 7 *Conn.*, 214; Hunter *a.* Miller, 6 *B. Munroe*, 612.)

II. The defendant having given the undertaking, and the plaintiff having accepted it, the plaintiff thereby being debarred the right to issue an attachment (other than the one described in the undertaking), the above was sufficient to sustain the undertaking, and the parties were mutually estopped thereby. (Shaw *a.* Tobias, 3 *N. Y.*, 188; Dezell *a.* Odell, 3 *Hill*, 215.) 1. No representations made by the corporation to the defendant could affect his liability to the plaintiff. 2. The acceptance by the plaintiff of this undertaking, in lieu of attaching the property of the corporation, was a valid and sufficient consideration to sustain the instrument as a voluntary obligation. (Winter *a.* Kinney, 1 *N. Y.*, 365; Decker *a.* Judson, 16 *Ib.*, 439.)

By THE COURT.*—HILTON, J.—The instrument sued upon was an undertaking in the form required by statute to be given on the discharge of an attachment (*Code*, §§ 240, 241), and on account of the deliberation implied by its nature, should be judged by the rules of law applicable to instruments under seal.

It recited, that in a certain action against the Galveston, Houston, & Henderson Railroad Company, an attachment had been issued, and an application was about being made by the company to discharge the same. The defendants thereupon, pursuant to the statute in such case made and provided,

---

* Present, DALY, F. J., BRADY and HILTON, JJ.

in consideration of one dollar to each in hand paid, undertook in the sum of $1,300 that they would pay on demand, to the plaintiff, the amount of the judgment which might be recovered against the company in that action, not exceeding the sum specified.

These recitals estopped the defendants, and the judge at the trial very properly refused to allow evidence tending to contradict them for the purpose of defeating the instrument. (Wood a. Chapin, 13 *N. Y.*, 509; Decker a. Judson, 16 *Ib.*, 439; Rowntree a. Jacob, 2 *Taunt.*, 141; McCosky a. Leadbeater, 1 *Kelley (Ga.*), 551; Tubbs a. Lynch, 4 *Harring*, 521; Vangine a. Taylor, 18 *Ark.*, 65; Farrington a. Barr, 36 *N. H.*, 86; Belden a. Davies, 2 *Hall*, 433, 447, and cases cited; Hayes a. Askew, 5 *Jones' Law R.* (*N. C.*), 63; Sinclair a. Jackson, 8 *Cow.*, 543, 585; Oakley a. Boorman, 21 *Wend.*, 588; Fisher a. Smith, *Moore R.*, 569; Jackson a. Alexander, 3 *Johns.*, 484, 493; Barnum a. Childs, 1 *Sandf.*, 58.) The rule being, that where the recitals in the instrument are material, the party shall be estopped (Shelly a. Wright, *Willes R.*); and here they were certainly material, as they constituted the very foundation for the undertaking. (2 *Leon.*, 11.) Its production, therefore, at the trial, was sufficient evidence of the facts recited in it. (Shaw a. Tobias, 3 *N. Y.*, 188; see, also, 1 *Phill. on Ev. by Edwards*, 471; 4 *Kent*, 260, *note;* 2 *Black.*, 295; Goodtide a. Bailey, *Comp.*, 601; Nash a. Turner, 1 *Esp.*, 217; Bowman a. Taylor, 2 *Ad. & E.*, 278.) In the latter case, the instrument recited that the plaintiff had invented a certain improvement in the construction of looms, for which he had obtained letters-patent, and had agreed to permit the defendants to have the benefit and use of the invention for a certain price to be paid for each loom. The action was brought to recover the price which the defendants thus agreed to pay, and the plea interposed by way of defence was, that the plaintiff was not the true inventor of the improvement; but upon demurrer the court held that the defendants were estopped by the recital, and could not be permitted to deny what they had asserted by their solemn instrument. (Lainson a. Tremore, 1 *Ad. & E.*, 792.)

The offer at the trial to show fraudulent representations made to the defendants by the secretary of the company, to induce the defendants to sign the undertaking, was also properly rejected

by the judge, as it was not pretended that the plaintiff in any way participated in making them, or knew of their having been made. The secretary, in procuring the undertaking, acted in behalf of the company, and his representations while so acting could not operate to the plaintiff's injury, unless the plaintiff was shown to have been privy to the deception alleged to have been practised.

Judgment affirmed.