[Filed March 30, 1885.]

# JOSEPH W. CARLON *v.* J. R. DIXON AND E. DIXON.

RECOVERY OF PERSONAL PROPERTY,—AFFIDAVIT FOR—JURISDICTION. — In an action for the recovery of personal property, the affidavit prescribed in section 131 of the Civil Code is the foundation of jurisdiction to order an immediate delivery of the property.

ID. — JUSTICE'S COURT—REPLEVIN BOND—SURETIES, LIABILITY ON. — When such affidavit is sufficient in form and substance in an action in a Justice's Court, the fact that the direction to the sheriff indorsed thereon was signed by the plaintiff instead of by the justice will not exonerate the plaintiff's sureties from liability on their bond.

DOUGLAS COUNTY.     Plaintiff appeals.     Reversed.

The material facts are stated in the opinion.

*C. Ball,* for Appellant.

The bond is regular, and accomplished the object for which it was given. The makers cannot now object to their own process, and avoid their deed. (*Hicklin* v. *Nebraska City Bank,* 8 Neb. 463; *Cady* v. *Eggleston,* 11 Mass. 282; *Morse* v. *Hodsdon,* 5 Mass. 315; *Cook* v. *Boyd,* 16 Mon. B. 556; *Johnson* v. *Weatherwax,* 9 Kan. 75; *Wachstetter* v. *The State,* 42 Ind. 166, 168; *Ott* v. *The State,* 35 Ind. 365.) It is no objection that the defendant in replevin gave a redelivery bond; this did not dissolve the process. For all purposes the property remained in the possession of the court, and subject to its orders until final judgment. (*Hilton* v. *Ross,* 9 Neb. 406.)

*William R. Willis,* for Respondents.

In order to give the Justice's Court jurisdiction, and to create a liability on the makers of the undertaking sued on, the provisions of the Code, page 464, sections 12, 17, and pages 484, 485 (form of order and undertaking), should have been strictly complied with. The Code fixes and defines what shall be done to entitle a party to the remedy in Justice's Court in such an action. The provisions are jurisdictional and mandatory. (Page 464, §§ 12, 17.) In this case there was no affidavit filed

with or acted on by the justice. (*Castellanos* v. *Jones*, 5 N. Y. 164.) The bond in this case stands on the same ground as an appeal bond, without an order allowing an appeal when the· statute requires such an order. Such a bond is void. (Brandt Guaranty and Suretyship, 541, § 404. And see *Jacoby* v. *Drew*, 11 Minn. 408, as to attachment.) The order is pro— cess, and if issued without the undertaking being taken by· the justice it would be void; and the same as to the· undertaking if made or taken without any order or process., (*Johnson* v. *Stilson*, 42 Mich. 541. See also *Purple* v. *Purple*, 5· Pick. 226.) Here the sheriff had no order or process, he had· no right to take or approve the bond, he had no authority to· take the property. The undertaking cannot be considered as taken or made according to or in compliance with the statute. It is therefore void. (*Benedict* v. *Bray*, 2 Cal. 251–255;, *Thompson* v. *Lockwood*, 15 Johns. 256 ; *Buckingham* v. *Bailey*,. 4 Smedes & M. 538 ; *Germond* v. *People*, 1 Hill, 343.) There· should be some attestation of the undertaking by the justice,. else it is void. (*Hougland* v. *State*, 43 Ind. 537.) In an action. against the sureties on a replevin bond, it is necessary to allege· that the property was delivered to the party for whom the bond was given. (*Nickerson* v. *Chatterton*, 7 Cal. 568.) So in a suit on a bail bond, the complaint must allege that the person bailed was released from custody. (*Los Angeles* v. *Babcock*, 45 Cal. 252.) The delivery of the property is the consideration for the undertaking. If there was no delivery then there is. no lia-· bility. (*Green* v. *Kindy*, 43 Mich. 279 ; Wells Replevin, § 388.).

LORD, J.—One Britt brought an action in a Justice's Court against the plaintiff for the recovery of a certain horse. He ·filed the necessary affidavit, and gave the required bond, with the defendants as sureties, and by indorsement on the affidavit required and directed the sheriff to take the horse described in the affidavit from the plaintiff and to deliver it to him. With-out further detail it is sufficient to state· that the result of this action terminated adversely to Britt. An execution having been issued, it was returned by the officer. *nulla bona*. This

action was then brought in the Circuit Court by the plaintiff against the defendants as sureties, upon such bond given in the Justice's Court for the claim and delivery of the property above referred to. The complaint sets forth all the facts in detail, was demurred to by the defendants, and sustained by the court. From the judgment thus rendered the plaintiff appeals.

The defendants object to the bond for the reason that the direction on the affidavit which accompanied it was signed by the plaintiff Britt in the replevin suit, instead of the justice. In an action for the recovery of personal property, where a delivery is claimed in other than a Justice's Court, the Code prescribes the indorsement upon the affidavit which the plaintiff may make. But when such action is brought in a Justice's Court, and a delivery of the property is claimed, the statute prescribes that "all affidavits, orders, and undertakings for such remedies are to be taken or made and filed with the justice, and such process is to be issued by and made returnable before him." (Justice's Code, Misc. Laws, § 12, p. 464.) And that "the undertaking for an order for the delivery of personal property claimed in the action shall be taken by the justice who makes the order," etc. (Justice's Code, Misc. Laws, § 17; and see form in appendix, Justice's Code, Misc. Laws, § 17, p. 484.)

It is essential in every case where the remedy of claim and delivery is sought, the proceedings being statutory, that every requisite prescribed must be strictly complied with. Anyone acquainted with the facts may make the affidavit. Our statute prescribes, in substance, what the affidavit shall contain, and it is not questioned that the statute was strictly complied with in this particular, and the affidavit in form and substance sufficient. The proceeding is auxiliary in its nature, and the principle applied to such affidavits is similar to that applied in affidavits for attachment. The affidavit is the foundation of jurisdiction in such proceeding, and when it complies with the statutory requirements, and is filed, the jurisdiction attaches, and the court is authorized to act and make its order. The principle is elementary that whatever is done after jurisdiction has been acquired, although it may be erroneous, is not void.

When the required affidavit has been given, a defect or informality in the order for the delivery of the property will not touch or vitiate the jurisdiction. Such order, whether properly or improperly made, flows from the exercise of jurisdiction. It depends upon the sufficiency of the affidavit, which is a prerequisite to its issuance. (Wells Replevin, §§ 650, 651, and notes.) Being based upon the affidavit, and that admitted to be sufficient, a defect or irregularity in its issuance will not render such proceeding void. The effect in such case is simply to produce an error of which the adverse party may take advantage. When, therefore, Britt made the necessary affidavit and gave the required bond, and the officer acted upon his indorsements upon the affidavit, took the property from the possession of the plaintiff, and delivered it to him, neither he nor they will be permitted to object to the informality of such order to escape liability after the benefit of it has been enjoyed. Whether the direction was signed by him or the justice did not affect the jurisdiction and render the proceedings void. On the contrary, it served him and the defendants the same purpose as if it had been regularly issued, and bore the insignia of the justice's name. Under it he obtained the possession of the property of which the plaintiff has been deprived, and is now without any adequate redress as against him, and neither he nor the defendants will be heard now to say, because of such informality, there was no valid order, and thereby escape liability. Such a position is antagonistic; it blows hot and cold, and will not be tolerated as a defense.

In *Roman* v. *Stratton*, 2 Bibb, 199, the plaintiff in replevin procured the property to be taken and delivered to him, upon his executing a bond that he would prosecute his claim successfully or return the property. Instead of a successful prosecution of his suit, the proceedings were quashed; whereupon the defendant brought suit upon the bond, and the court held that the irregularities of the plaintiff in the procurement of the writ for the prosecution of the replevin suit would not excuse him from liability on his bond. The court, in delivering their opinion, say :—

"This objection is predicated upon the irregularity and unwarranted procedure of the party who makes the objection, and over which the defendant in replevin had no control, and to which he was obliged to submit; and however irregular the proceedings were, Roman thereby obtained possession of the property to the injury of Stratton. This bond was freely and deliberately executed as an indemnity to Stratton, if Roman failed in the action of replevin. To permit the party to avail himself of this objection could have no better justification than the party's own wrong. Roman and his sureties must abide the bond."

In *Morse* v. *Hodsdon*, 5 Mass. 317, the court say:—

"But if the bond be adjudged void, the consequences to the plaintiff will be mischievous. The plaintiff in replevin, under color of it, has obtained possession of the goods of which the present plaintiff has been deprived, who will have no remedy but an action against the officer, which in many cases may be very inadequate, and it would be unreasonable to allow the defendants to dispute the bond voluntarily executed by them after their principal had had the full benefit of it as a legal deed."

A bond given to obtain the release of property seized upon attachment is not rendered invalid by irregularity in the making of such attachment. (*Onderdonk* v. *Voorhis*, 2 Rob. (N. Y.) 24.) The plaintiff in the replevin, by filing his affidavit and giving the bond with the defendant as sureties, has availed himself of their benefit by obtaining the property; and neither he nor the defendant can defeat their liability because of some irregularity in the proceeding. Having obtained the benefit, they are estopped now from setting up the irregularity. (*Persse* v. *Watrous*, 30 Conn. 146, 148; *Decker* v. *Anderson*, 39 Barb. 347; *Coleman* v. *Bean*, 14 Abb. Pr. 38; *Johnson* v. *Weatherwax*, 9 Kan. 75; *Franklin* v. *Pendleton*, 3 Sand. 573; *Decker* v. *Judson*, 16 N. Y. 442; *Todd* v. *Gordy*, 29 La. An. 498; *Wachstetter* v. *State*, 42 Ind. 168; *Nunn* v. *Goodlett*, 10 Ark. 99; Wells Replevin, § 446.)

Some of the authorities go to the extent of holding that a party will not be permitted to defeat his liability upon the bond

by pleading that the law is unconstitutional, or show a want of jurisdiction in the court before whom the replevin suit was tried.

In *McDermott* v. *Isbell*, 4 Cal. 113, the court observed:—

" It has been frequently held by this court that a party who avails himself of the process of an inferior court cannot escape the responsibility of his own act, upon the ground that such tribunal had no jurisdiction over the subject-matter in controversy; consequently a party who sues out a writ of replevin from a justice of the peace having no jurisdiction, and obtains the property, in an action on the replevin bond, cannot set up as a defense the want of jurisdiction of the justice."

In *Magruder* v. *Marshall*, 1 Blackf. 333, it was held that the defendant in an action on a replevin bond could not question the constitutionality of the statute under which the bond was executed, and although the same court subsequently declined to follow that decision in *Strong* v. *Daniel*, 5 Ind. 348, the doctrine is maintained in *State* v. *Stark*, 75 Mo. 566, in which it was held that the obligors in an attachment bond are liable, notwithstanding the bond was given in proceedings under a statute which is unconstitutional. Although there is some conflict of authority upon this subject, none can arise here, as the validity of the law and the jurisdiction of the court are not questioned. The affidavit and bond are sufficient; the only defect being that the order was signed as prescribed in section 132, instead of by the justice, as prescribed in the Justice's Code, p. 464. As a proceeding in the Circuit Court it was in compliance with the law, and invulnerable to attack. With this affidavit, and the indorsement thereon, Britt, and the defendants as sureties, voluntarily and deliberately executed their bonds and delivered them to the officer, upon which Britt obtained possession of the property, and he and his sureties must abide it.

The demurrer should have been overruled, and the judgment must be reversed.