[Filed July 2, 1888.]

| 16 | 433 |
| 33 | 317 |

BUNNEMAN AND MARTONONI, RESPONDENTS, *v.*
MAX WAGNER, APPELLANT.

ATTACHMENT.—When an undertaking was given, and the plaintiff released and surrendered the property to the defendant, the attachment was vacated and dissolved, and the undertaking took the place of such property, and the action thereafter ceased to be *in rem.*

SAME—UNDERTAKING ON.—A bond or undertaking, as either may be prescribed by statute, to be given to secure the release of property attached, are designed to serve the same purpose and to stand upon the same consideration, and when an action is brought upon either, are governed by like principles.

SAME—DISSOLUTION OF.—If a creditor voluntarily consents to dissolve an attachment levied upon goods of his debtor, and relinquish his lien at the request of any one, the promise of such person to pay the debt thus secured is made upon a valid consideration. The surrender of the lien being a detriment to the creditor is a sufficient consideration for the promise; but to enforce such promise or engagement, it is indispensable that it be in writing.

SAME.—When, therefore, the defendant by his undertaking in writing promised and agreed to pay the amount of any judgment which the plaintiff might recover against the defendants in that action, such undertaking was founded upon a valid legal consideration which the defendant received by the surrender of the property attached, and was good as a common-law obligation.

SAME.—Bonds or undertakings intended to be given in compliance with statutes, although not done so, will if they are entered into voluntarily and founded upon a valid consideration, and do not violate public policy or contravene any statute, be enforced by common-law remedies. A bond or undertaking given to obtain the release of property seized upon attachment is not rendered invalid by irregularities in making such attachment, when the property was surrendered and the plaintiffs voluntarily consented to dissolve the attachment, nor will such irregularities defeat the liability thereon.

SAME—COMPLAINT ON.—It is not essential that the complaint set out all the facts or various proceedings which authorize the issuing of the attachment.

APPEAL from Clatsop County.

*Noland & Dorris,* for Respondents.

*Fulton Brothers,* for Appellant.

LORD, C. J.—This is an action on an undertaking. The facts are that the plaintiffs brought an action against the firm of Dipascuale and Sanginetti for goods sold and delivered to them, and levied an attachment on the property of the defendant Dipascuale. Subsequently an undertaking was given by the defendant Max Wagner, as surety, and the plaintiffs released the property and turned it over to the said Dipascuale. Before

XVI. OR.—28.

the action came to trial Dipascuale died, and Louis Nelson, a creditor, was appointed administrator of the estate, who was substituted in the action for the defendant Dipascuale, and an amended complaint was filed, and in due time judgment by default was taken in such action against Nelson, as such administrator, and Sanginetti. This judgment not having been paid, the plaintiffs brought this action on the undertaking given as aforesaid. A demurrer was filed, which being overruled, the defendant answered by a specific denial of the facts alleged, and issue being thus joined, the trial was proceeded with before the court by consent, and resulted in a judgment for the plaintiffs.

There are several assignments of error, and among the first to be noted is, whether the death of the defendant Dipascuale dissolved the attachment and exonerated the defendant Wagner of his liability as surety upon the undertaking. This objection is founded upon the assumption that when an undertaking is given, it takes the place of the property released, but does not discharge the attachment, and that when the defendant Dipascuale died thereafter, its effect was to dissolve such attachment, and consequently, to relieve the defendant Wagner of his liability as surety on such undertaking. But the law is otherwise. When the undertaking was given and the property was released, the bond did stand as security for the property, or took its place, but its effect was to dissolve the attachment. "By giving the statutory bond," Mr. Wade says, "the attachment is dissolved, and the action proceeds to judgment as an action *in personam.*" And again: "When a bond is given to pay whatever judgment may be rendered, and is approved and the property released, the attachment is dissolved, and it is no longer a proceeding *in rem,* and no plea in abatement traversing the ground of the attachment can be entertained." (Wade on Attachment, §§ 183, 186.) When, therefore, the undertaking was given, and by reason thereof the plaintiffs released and surrendered the property to the defendant Dipascuale, the attachment was dissolved, and the undertaking took the place of such property, and the action thereafter ceased to be *in rem.*

There was, in fact, no attachment in existence to be dissolved at the death of the defendant Dipascuale. Nor is it true, if there was a subsisting attachment, that the death of the defendant abates or dissolves it. In *Mitchell* v. *Schoonover*, decided at the present term of this court, it was held that the death of a defendant after the levy of an attachment does not vacate or dissolve it. So that in any view the objection is untenable. Another objection urged is, that the undertaking is not such as is required by statute, and that the court erred in holding it sufficient as a common-law obligation, on the ground that a bond is a writing under seal, and that an undertaking being only a promise to pay the debt of another, and not under seal, no consideration can be presumed; but the same must be expressed in the writing. But in the case at bar there is a good and valid consideration expressed in the undertaking, and the matter of the seal is of little significance.

A bond or undertaking, as either may be prescribed by statute, to be given to secure the release of property attached, are designed to serve the same purpose and to stand upon the same consideration, and when an action is brought upon either, are governed by like principles. If a creditor voluntarily consents to dissolve an attachment levied upon the goods of his debtor, and relinquishes his lien at the request of any one, the promise of such person to pay the debt thus secured is made upon a valid consideration. The surrender of the lien being a detriment to the creditor is a sufficient consideration for the promise; but to enforce such promise or engagement, it is indispensable that it be in writing. When the defendant by his undertaking in writing promised and agreed to pay the amount of any judgment which the plaintiffs might recover against the defendant in that action, such undertaking was founded upon a valid legal consideration which the defendant Dipascuale received by the return to him of the property attached, and was good as a common-law obligation.

In *Central Mills Co.* v. *Stewart*, 133 Mass. 462, where the bond given was not such as the statute required, but being given and the property released, the court said: "But the

creditor may voluntarily consent to dissolve an attachment by which he has sought to secure his debt, and if he does so at the request of any one, a promise by such person to pay the debt sought to be secured, either before or after judgment, is made upon a valid legal consideration. The bond by which the defendant agreed to pay the amount of any judgment which the plaintiffs might recover, etc., was therefore made upon sufficient consideration, which the defendant received by the surrender of the property attached, and was good at common law." Now, in the case at bar, the undertaking was duly executed by the defendant and accepted by the plaintiffs, and by their order the attachment was thereupon dissolved, and the property surrendered to its owner. The object of the undertaking, and its purport, is too plain to admit of controversy.

There is no question but what it is founded upon a valid legal consideration, is violative of no statute, and contains no illegal provisions. Why, then, is it not a good common-law obligation. The principle is familar, that bonds intended to be taken in compliance with statutes, although not done so, if entered into voluntarily and founded upon a valid consideration, and do not violate public policy or contravene any statute, will be enforced by common-law remedies. (*Palmer* v. *Vance*, 13 Cal. 553; *Hunter* v. *Reese*, 61 Ala. 395; Wade on Attachment, § 187; *Kelly* v. *McCormick*, 28 N. Y. 322, 323.) A bond or undertaking given to obtain the release of property seized upon attachment is not rendered invalid by irregularity in making such attachment. By means of it, the property was released and surrendered, and the plaintiffs consented to dissolve the attachment, and the defendant in this action cannot defeat his liability because of some irregularity in such proceeding. The undertaking served its purpose to secure the release of the property attached, and the defendant is estopped now from setting up such irregularities. (*Carleton* v. *Dixon*, 12 Or. 148; *Coleman* v. *Bean*, 14 Abb. Pr. 38.) This result necessarily obviates the objections in respect to the attachment proceedings, and dispenses with the necessity of any further examination of them. Nor is it essential that the complaint set out the facts which

authorize the issuing of the attachment, and consequently there was no error in overruling the demurrer.

In regard to the objections raised as to the death of Dipascuale and his true name, and as to the appointment of the administrator, it is sufficient to say that we have examined the record and the argument in support of the objections, and are not satisfied that any prejudicial error is shown. It is to be borne in mind that in cases of this character, technical defenses are not favored, and the case does not stand as to objections, as it would between the parties to the original action.

It is objected, also, that the judgment is in excess of the amount named in the bond, and that such excess is error; but it is not in excess of such sum with interest from the breach, even though it be conceded that the liability under the undertaking is to pay "the amount of any judgment which may be recovered against the defendant in this action."

Upon the whole we think the judgment must be affirmed.