## EBNER et al. v. HEID.

(Circuit Court of Appeals, Ninth Circuit. September 14, 1903.)

### No. 888.

**1. ATTACHMENTS—REDELIVERY BOND—VALIDITY.**

Hill's Ann. Laws Or. 1892, § 159, provides that, whenever the defendant in attachment has appeared in the action, he may apply for an order to discharge the attachment on the execution of an undertaking mentioned in section 160, which authorizes such discharge on the execution of a bond "to the effect that the sureties will pay to plaintiff the amount of the judgment that may be recovered against the defendant in the action." *Held*, that a bond by which the sureties undertook and promised, in case plaintiff recovered a judgment in the action, that the defendant would, on demand, pay to plaintiffs the amount of said judgment,

together with the costs and disbursements of the action, was a substantial compliance with the statute, and was enforceable as a statutory bond.

**2. SAME—CONSIDERATION.**

Where a bond to release an attachment was under seal, and recited as a consideration the release of all the property attached, and the discharge of the attachment, it was based on a sufficient consideration to render it enforceable as a common-law obligation.

**8. SAME—DELIVERY.**

Where the bond for the release of an attachment was approved by the United States district judge, and was filed with the papers in the case in the office of the clerk of the court, and the order discharging the attachment recited that it was based on the notice of motion and motion, on all the records filed in the cause, and on the execution of a good and sufficient undertaking, such order was conclusive evidence of the delivery of the undertaking to the court, and its acceptance by the court as a delivery bond.

**4. SAME—DEMAND.**

Where, in an action on a redelivery bond in attachment, after judgment for plaintiff, it appeared that all of the defendant's property had been sold on execution under the judgment, and had been purchased by plaintiff, and that the defendant was insolvent, and had no property within the district under the jurisdiction of the court, and that he had resisted plaintiff's collection of the judgment, and had obtained an injunction restraining further proceedings by plaintiff, such proceedings amounted to a demand for the payment of the judgment, and defendant's insolvency rendered a further demand unnecessary.

**5. REDELIVERY BOND—SUPERSEDEAS—MERGER OF LIABILITY.**

Where a supersedeas bond was given pending a writ of error in an action in which a redelivery bond had been given, and it was subsequently determined that the appellate court had no jurisdiction of the writ of error, the liability of the sureties on the attachment bond was not merged in the supersedeas bond.

In Error to the District Court of the United States for the First Division of the District of Alaska.

This was an action brought by the defendant in error against the plaintiffs in error and certain other persons in the District Court of Alaska, Division No. 1, on the 23d day of April, 1901, to recover the sum of $1,416.18, with interest and costs, on an undertaking given upon the discharge of an attachment of the property of the principal therein named in an action commenced in the District Court of Alaska in April, 1895. A jury was expressly waived by the parties, and the court entered a judgment in favor of the defendant in error for the full amount claimed, upon which judgment a writ of error was sued out to this court. The trial court found as facts that on June 10, 1895, an attachment issued out of the United States District Court for the District of Alaska against the property of one Willis Thorp, in an action commenced by one Bonnifield and John G. Heid, the defendant in error herein, to recover the sum of $7,231.25 from Thorp; that Thorp applied to the court for a discharge of the attachment, offering a written undertaking executed by the plaintiffs in error herein, which undertaking was approved and accepted by the court, and the property released from the attachment; that thereafter judgment was recovered in said action by Bonnifield and Heid for $7,264.80; that thereafter, on August 30, 1900, on the mandate of the United States Supreme Court against said Thorp, the District Court entered its further judgment, adjudging that the former judgment be carried into full force and effect against Thorp, together with costs and charges; that Heid (defendant in error) owned and was entitled to two-ninths of said judgment, namely, the sum of $1,616.18; that $200 has been paid on account of said sum by reason of a purchase by Heid at an execution sale under said judgment of all the property of Thorp within the jurisdiction of the court; that Bonnifield was not, and had not been for more than three years prior to the commencement of this action, a resident of the District of

Alaska; that Bonnifield, though at one time a cojudgment creditor with Heid, took a position inimical to Heid, and satisfied his part of the judgment obtained by himself and Heid against Thorp, without the consent of Heid; that Thorp and the other defendants (plaintiffs in error herein) had not paid to Heid his share of said judgment; that at and before the entry of the final judgment on August 30, 1900, Thorp was insolvent, and had no property in the District of Alaska out of which Heid's part of the judgment could be satisfied; that at one time Thorp and some of the defendants sued out an injunction enjoining Heid from collecting his part of said judgment, but that on December 10, 1900, the injunction was vacated, and the cause wherein the same was sued out was dismissed; that in April, 1901, Heid demanded of the defendants (plaintiffs in error) payment of his part of said judgment; that they refused to pay the same, and there was then due and owing to Heid from such defendants the sum of $1,416.18, with interest and costs. As conclusions of law from these facts, the court found that Heid was excused from making a further demand upon Thorp to pay his part of the judgment, other than the levy of execution made on the property of Thorp, by reason of the insolvency of Thorp, and by reason of his having sued out the injunction against Heid, thus showing a determination not to pay, had a demand been made, and that Heid was entitled to a judgment against Ebner, Valentine, Young, Olds, and Behrends for the amount of the former judgment recovered, with interest and costs.

Robert A. Friedrich, John R. Winn, and R. W. Jennings, for plaintiffs in error.

Alfred Sutro, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The act of Congress entitled "An act providing a civil government for Alaska," approved May 17, 1884 (23 Stat. 24, 25, c. 53), provides in section 7 "that the general laws of the state of Oregon now in force are hereby declared to be the law in said district, so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States." The civil laws of Oregon were in force in Alaska under this act until the passage of the act of Congress approved June 6, 1900, entitled "An act making further provision for a civil government for Alaska, and for other purposes." 31 Stat. 321, c. 786. The Code of Civil Procedure of the State of Oregon provides, in title 15 of chapter 1 (Hill's Ann. Laws 1892, §§ 144–172), for attachment proceedings under which the plaintiff in an action upon a contract may have the property of the defendant attached as security for the satisfaction of any judgment that may be recovered, unless the defendant give security to pay such judgment. Section 157 of the Code (Hill's Ann. Laws 1892, § 159) provides that whenever the defendant has appeared in the action he may apply, upon notice to the plaintiff, to the court or judge where the action is pending, or to the clerk of such court, for an order to discharge the attachment upon the execution of the undertaking mentioned in section 158 (Hill's Ann. Laws 1892, § 160). That section provides:

"Upon such application, the defendant shall deliver to the court or judge to whom the application is made an undertaking executed by one or more sureties * * * to the effect that the sureties will pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action."

It is contended by the plaintiffs in error that the undertaking does not conform to the language of the statute, and is therefore not a statutory obligation; that it was not sealed and delivered, and is not, therefore, a common-law obligation. The undertaking does not follow strictly the language of the statute, but it was plainly intended to be in compliance with its terms. No form of undertaking is prescribed, but it is required to be "to the effect" that the sureties will pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action. The undertaking recites that:

"We, the undersigned, * * * in consideration of the premises and in consideration of the release from attachment of all the property attached as above mentioned, and the discharge of said attachment, do hereby jointly and severally undertake and promise that in case said plaintiffs recover judgment in said action, the defendant will, on demand, pay to the said plaintiffs the amount of said judgment, together with the costs and disbursements of this action."

This was a substantial compliance with the statute, and, "in effect," assumed the obligation therein provided. It is true, the agreement was that the defendant would, on demand, pay the judgment, if one was recovered in the action, but that is the equivalent of an agreement to pay the judgment if one was recovered against the defendant.

The undertaking appears also to be valid as a common-law obligation. As set forth in the record now before the court, it is under seal, and recites as a consideration the release from attachment of all the property attached, and the discharge of the attachment. This was a sufficient consideration for the undertaking. Palmer v. Vance, 13 Cal. 553; Bunneman v. Wagner, 16 Or. 433, 18 Pac. 841, 8 Am. St. Rep. 306. The undertaking was approved by the United States district judge, and was filed with the papers in the case in the office of the clerk of the court. The discharge of the attachment was by the order of the court, in which it was recited that the order was "upon the notice of motion and motion filed and served by defendant, and upon all the records filed in this cause," and upon execution of a good and sufficient undertaking. This is the conclusive evidence of the delivery of the undertaking to the court, and its acceptance by the court as a delivery bond for the release of the attached property.

The objection that no demand has been made upon Thorp, the defendant in the attachment suit, for the payment of the judgment, is answered by the finding of the court, sustained by evidence in the record, that an execution was issued upon the judgment, and a levy made upon the property of the defendant Thorp to satisfy the share of the judgment belonging to the defendant Heid, amounting to $1,616.18; that upon the execution sale under this judgment, and pursuant to the levy, all the property of Thorp in the District of Alaska was sold and purchased by the plaintiff Heid for $200, leaving the sum of $1,416.18 due on the judgment; that before the commencement of this action, and at or before the entry of the final judgment on August 30, 1900, the defendant Thorp was insolvent, and had no property in the District of Alaska; that at the date of

the finding Thorp was still insolvent, and had no property in the District of Alaska, and under the jurisdiction of the court, out of which the plaintiff's part of the judgment could be satisfied; that Thorp resisted Heid in the collection of the judgment, and obtained an injunction from the court enjoining Heid from further proceeding in the action, and from suing out execution against the sureties of Thorp. These proceedings amounted to a demand upon Thorp for the payment of the judgment, and his insolvency rendered any further or other demand useless.

The claim that the liability of the sureties on the attachment bond was superseded and became merged in the supersedeas bond upon writ of error to the Circuit Court of Appeals cannot be sustained. The question of the jurisdiction of the Court of Appeals in that case was raised and certified to the Supreme Court of the United States, and that court answered the question in the negative. Thorp v. Bonnifield, 168 U. S. 703, 18 Sup. Ct. 947, 42 L. Ed. 1211. Thereupon this court dismissed the writ of error. Thorp v. Bonnifield, 83 Fed. 1022, 27 C. C. A. 686. The Circuit Court of Appeals being without jurisdiction in the case, the supersedeas bond upon writ of error could not take the place of an undertaking upon attachment, and there is nothing in the statute giving a bond on writ of error the force and effect of an undertaking upon the discharge of an attachment. Collins v. Burns, 16 Colo. 7, 26 Pac. 145.

The judgment of the District Court is affirmed.