Argued March 10, reversed April 6, 1926.

## CREDIT SERVICE COMPANY *v.* E. L. PAYNE ET AL.

### (244 Pac. 879.)

Attachment—Undertaking in Writing to Pay Judgment, Which Plaintiff Might Recover, Resulting in Release of Attachment, Held Valid Common-law Obligation (§§ 311, 808, Or. L.).

1.   Where plaintiff, relying on defendants' undertaking in writing to pay any judgment he might recover in action he was prosecuting,

---

1.   See 2 R. C. L. 885.

released attachment in such action, such undertaking was good common-law obligation though not approved by court, as required by Section 311, Or. L., being supported by sufficient consideration and not violating Section 808.

Attachment—Statutory Undertaking Held Valid, Though Formal Application was not Made for Discharge of Attachment, and Court Did not Approve It (§§ 310, 311, Or. L.).

2.   Where attached property was released by plaintiff relying on defendants' undertaking in writing to pay judgment that he might recover in action he was prosecuting, such undertaking *held* valid statutory undertaking, though formal application was not made to court for discharge of attachment under Section 310, Or. L., and court did not approve it as provided in Section 311, since only substantial requirement with statutes is necessary.

Attachment.

3.   Provision of Section 311, Or. L., relating to justification of sureties on undertaking, is for protection of plaintiff, and may be waived.

Attachment, 6 **C. J.**, p. 329, n. 21, p. 330, n. 33, p. 332, n. 52, 56, 57, p. 333, n. 58, p. 334, n. 65, 66, 67.

From Deschutes: T. E. J. DUFFY, Judge.

Department 2.

This is an action on an undertaking. The defendants interposed a demurrer to plaintiff's complaint on the ground of insufficiency of facts. The demurrer was sustained by the court. The plaintiff refused to plead further, and the court rendered judgment in favor of defendants for costs from which judgment plaintiff appeals.

The substance of the allegations of plaintiff's complaint, in addition to the averment of the corporate existence of the plaintiff, and The Owl Pharmacy, is as follows:

Prior to the filing of this action, plaintiff brought an action in the Circuit Court of the State of Oregon, for Deschutes County, against The Owl Pharmacy, a corporation, in which action an attachment was issued and levied upon the stock and fixtures of The

Owl Pharmacy. In order to secure the discharge of the attachment and the return of the property to the defendant therein, the defendants herein made, executed and delivered their certain undertaking in writing, a copy of which is set out in full as an exhibit to the complaint, by the terms of which defendants obligated themselves as follows:

" * * in consideration of the premises and in consideration of the release from attachment of the property attached in said action, do hereby jointly and severally undertake and promise to pay the said plaintiff the amount of any judgment that it may recover against the defendant in said action."

Upon delivery of the undertaking of defendants, all of the attached property was immediately released and returned to The Owl Pharmacy, the defendant in the action, and no further proceedings were ever taken under the attachment. Subsequently judgment was entered in that action against The Owl Pharmacy for the sum of $3,447.75, with interest at 6 per cent per annum, from March 1, 1921.

Thereafter, between August 1, 1922, and December 1, 1922, defendant therein paid on the judgment the sum of $800, the balance of which remains unpaid.

The complaint alleged that the undertaking was executed and delivered to the sheriff for the use and benefit of the plaintiff; that the

"sheriff accepted the same, and at once and on said date released and discharged the said attached property and the whole thereof and delivered the same back to the defendant in the writ, The Owl Pharmacy, a corporation; that no further or other levy was ever made under said writ of attachment; and that said undertaking of the defendants herein was accepted by said sheriff and by plaintiff as a full and complete dis-

charge and release of said attachment and of the said attached property."

REVERSED.

For appellant there was a brief over the names of *Mr. N. Ray Alber* and *Mr. Ross Farnham*, with an oral argument by *Mr. Wm. B. Layton.*

For respondent there was a brief and oral arguments by *Mr. R. S. Hamilton* and *Mr. H. H. DeArmond.*

BEAN, J.—Section 310, Or. L., reads in part as follows:.

"Whenever the defendant shall have appeared in the action, he may apply, upon notice to the plaintiff, to the court or judge where the action is pending, or to the clerk of such court, for an order to discharge the attachment upon the execution of the undertaking mentioned in the next section; * * "

The next section (311, Or. L.), provides in effect, that upon such application, the defendant shall deliver to the court or judge to whom the application is made an undertaking, executed by one or more sureties, "to the effect that the sureties will pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action. If the plaintiff demands it, the sureties shall be required to justify in the same manner as bail upon an arrest."

It does not appear from the complaint that the undertaking was approved or that formal application was made to the court for the discharge of the attachment. The plaintiff contends that when an undertaking is given, and the plaintiff releases and surrenders the attached property to the defendant, the attachment is vacated and dissolved, and the under-

taking takes the place of such property, and the action thereafter ceases to be *in rem,* but is one *in personam.* That although all the formalities mentioned in the statute for the discharge of the attachment were not observed, the undertaking is good as a common-law obligation. The defendants answer this contention by the claim that there is no allegation in the complaint; that the consideration upon which the undertaking was given, or the condition therein contained, had been performed. Therefore, in so far as the complaint alleges, there is a failure of consideration and the defendants are not bound by the undertaking.

The plaintiff cites and relies upon *Bunneman* v. *Wagner,* 16 Or. 433 (18 Pac. 841, 8 Am. St. Rep. 306). In that case Mr. Chief Justice LORD wrote the opinion of this court in an action based upon an undertaking for the discharge of an attachment. After the giving of the undertaking, the plaintiff released the property and turned it over to the defendant. The objection in that case, on the part of the defendant, was founded upon the assumption that when an undertaking is given, it takes the place of the property released, but does not discharge the attachment. It was claimed on the part of defendant who signed the undertaking that the subsequent death of the defendant in the attachment proceedings dissolved the attachment and released the surety of liability on the undertaking. It was there said: "When the undertaking was given and the property was released, the bond did stand as security for the property or took its place, but its effect was to dissolve the attachment." Then follows a quotation from Wade on Attachments (Sections 183–186). In *Bunneman* v. *Wagner, supra,* it was also said:

"When, therefore, the undertaking was given, and by reason thereof the plaintiffs released and surrendered the property to the defendant Dipascuale, the attachment was dissolved, and the undertaking took the place of such property, and the action thereafter ceased to be *in rem.* There was, in fact, no attachment in existence to be dissolved at the death of the defendant Dipascuale."

In that case, the objection was urged that the undertaking was not such as required by statute, and that the court erred in holding it sufficient as a common-law obligation, on the ground that a bond is a writing under seal and that an undertaking being only a promise to pay the debt of another, and not under seal, no consideration can be presumed; but the same must be expressed in the writing. But it was held, in that case, that there was a good and valid consideration expressed in the undertaking and the matter of the seal was of little significance.

In an examination of the record in the case of *Bunneman* v. *Wagner,* it is disclosed that the undertaking for the discharge of the attachment did not specify the consideration "of the release from attachment of the property attached," as plainly as the undertaking in the present case. It was held in the same case that a bond or undertaking, as either may be prescribed by statute, to be given to secure the release of property attached are designed to serve the same purpose, and to stand upon the same consideration, and when action is brought upon either, are governed by like principles. Chief Justice LORD said, as recorded at page 435 of the report:

"If a creditor voluntarily consents to dissolve an attachment levied upon the goods of his debtor, and relinquishes his lien at the request of any one, the

promise of such person to pay the debt thus secured is made upon a valid consideration. The surrender of the lien being a detriment to the creditor is a sufficient consideration for the promise; but to enforce such promise or engagement, it is indispensable that it be in writing. When the defendant by his undertaking in writing promised and agreed to pay the amount of any judgment which the plaintiffs might recover against the defendant in that action, such undertaking was founded upon a valid legal consideration which the defendant Dipascuale received by the return to him of the property· attached, and was good as a common-law obligation.''

In Stearns on Suretyship (3 ed.), page 355, Section 201, we read:

''Although the bond for release of the attached property is not in the form required by statute, it will be binding on the surety if the property is in fact released, such as where the only condition of the bond is to pay whatever judgment is obtained against the plaintiff, whereas the statute provides for a redelivery bond in the usual form. So also, where the statute provides for a release of attached property on the giving of a bond but requires an order of court as a preliminary condition, the failure to secure the order of court will not invalidate the bond.''

In 1 Wade on Attachment, Section 183, in regard to the dissolution of attachments, it is stated that ''when the bond is given by the defendant and the property is released, the attachment is *ipso facto* dissolved.''

In 6 C. J., page 332, Section 687, referring to bonds for the discharge of an attachment, it is stated in effect that a substantial compliance with the statute is all that is required: *Ebner* v. *Heid,* 125 Fed. 680 (60 C. C. A. 370). In Section 688 of the volume, we find:

''A voluntary obligation for the release of attached property is a valid common-law obligation and, al-

though an undertaking may be defective as a statutory bond or for the purposes of the statutory remedy, yet if voluntarily entered into and supported by sufficient consideration it is good as a common-law obligation and may be enforced as such, provided, of course, it does not contravene public policy or violate the law."

Section 690, page 333, of that volume, reads in part thus:

"If the bond is not approved as required by the statute, it is not a· statutory bond, although the obligors may bind themselves by entering into a voluntary undertaking, without the procurement of a discharge by order of court, and they may be bound as at common law in the absence of approval as required by statute."

1. In the present case the defendants, in consideration of the release from attachment of the property attached, undertook and promised to pay the plaintiff the amount of any judgment it might recover against the defendant in that action. The complaint alleges that the undertaking "was accepted by said sheriff and by plaintiff as a full and complete discharge and release of said attachment." The complaint also alleges, as we have noted, that the attachment was released and the attached property was delivered back to defendant. There was, therefore, a valid consideration for the promise of defendants to pay any judgment which the plaintiff might recover against the defendant in the action. Such undertaking was based upon a legal consideration which the defendant The Owl Pharmacy received by the return to it of the property attached. The instrument evidences an agreement to pay the judgment. The promise is in writing, expressing the consideration, and is signed

by the parties to be charged and fully complies with the statute of frauds: Section 808, Or. L. It was a good common-law obligation, although the undertaking was not approved by the court.

2. We think it should be noticed under the provisions of Section 310, Or. L., that the defendant in the attachment action, if he has appeared in the action, upon notice to the plaintiff, may apply to the court or judge, or clerk, for an order to discharge the attachment. If the defendant in the instant case did not desire to have the attachment discharged of record after the property had been returned to him, he has no reason to complain because the plaintiff did not make the application for him. The fact that the application for the order may be made to the clerk indicates that the issuance of the order is a ministerial duty.

3. By proceeding strictly according to the direction of Sections 310 and 311, Or. L., a defendant in an attachment action by giving a proper undertaking like the one in this case, can compel the discharge of the attachment. In the present case, as the attached property was released and delivered to the defendant, The Owl Pharmacy, it evidently did not deem it necessary to apply to the court, although it is recited in the undertaking that ''whereas the above-named defendant (The Owl Pharmacy) is about to apply for a release in the above entitled action discharging the attachment.'' The provision in Section 311, relating to the justification of the sureties, is for the protection of a plaintiff and, of course, may be waived.

There is no absolute requirement that the undertaking shall be approved by the court or that the sureties shall justify unless the plaintiff demand it. We in-

cline to the belief that the undertaking in question was a valid statutory undertaking.

In *Fazzano* v. *Martin et al.*, 94 Conn. 91, 108 Atl. 512, the syllabus reads:

"While the statutes provide a convenient method for the compulsory release of attachment, they neither exclude or impair the right of parties to reach the same result by voluntary mutual agreement."

Upon the authority of the opinion in the case of *Bunneman* v. *Wagner, supra,* and the general rules to which we have referred, the demurrer to the complaint in the case at bar should have been overruled.

The judgment of the lower court is reversed and the cause will be remanded with directions to overrule the demurrer, and for such further proceedings as may be deemed proper not inconsistent herewith.

REVERSED AND REMANDED WITH DIRECTIONS.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.