# Troy v. Rogers et al.

*Action upon a Forthcoming Bond.*

1. *Contest of claim of exemptions; forthcoming bond; misrecital therein of process levied does not affect its validity.*—On a contest of a claim of exemption interposed by the defendant upon the levy of a process, the validity of the forthcoming bond given by the plaintiff in the process under the provisions of the statute (Code of 1886, § 2523; Code of 1896, § 2049,) as a statutory obligation and in respect of the summary proceedings upon it (Code of 1886, § 2532; Code of 1896, § 2058), is not affected by the fact that it erroneously recites the levy of an execution upon the property, when the levy in question was that of an attachment; the bond showing on its face that it was given for the forthcoming of certain property "levied upon" and claimed as exempt, at the same time identifying the contest with respect to the pendency of which it was given, and showing that the obligors bound themselves to the forthcoming of the particular property involved in the contest.

2. *Same; same; conclusiveness of judgment in contest suit.*—In the contest of a claim of exemption, when the plaintiff therein executes a forthcoming bond, as provided by section 2523 of the Code of 1886, (Code of 1896, § 2049), the assessment of the property in the contest in and by a judgment sustaining the claim of exemptions, as authorized and required by the statute, is conclusive as against the parties to the suit; and the sureties on the forthcoming bond given by the plaintiff, though not strictly parties to the cause, are bound by the judgment therein equally with the other party, their principal, no fraud or collusion intervening.

3. *Same; same; right of action by claimant.*—Where in the contest of a claim of exemption, there is a judgment sustaining the claim, and the forthcoming bond given by the plaintiff is returned forfeited, the right of the claimant of the exemptions to have the execution issued upon such forfeited bond is not exclusive of his right to sue

upon said bond in a separate action, and in such suit he is entitled to recover, as damages, the value of the property claimed, as judicially ascertained in the contest proceeding.

4. *Same; action on a forthcoming bond; admissibility in evidence of a judgment in a contest proceeding.*—In an action on a forthcoming bond, which was given by the plaintiff in a contest of a claim of exemptions (Code of 1886, § 2523; Code of 1896, § 2049), the obligors, principal and surety, are concluded by the assessment of the value of the property in the contest proceeding in and by the judgment sustaining the claim of exemptions required by section 2532 of the Code of 1886, (Code of 1896, § 2058), and the record of such judgment is admissible in evidence.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellant, R. M. Troy, against the appellees, W. H. Rogers, and the sureties on the forthcoming bond executed by him, to recover damages for the breach of said bond. The condition of the bond, as set forth in the complaint, was as follows : "The condition of this obligation is such that whereas a certain writ of execution was lately issued from the city court of Birmingham," in favor of W. H. Rogers as plaintiff, against R. M. Troy, defendant, by virtue of which the sheriff levied upon and took as the personal property of said defendant Troy one bay horse, to which a claim of exemptions was interposed, and as to which claim of exemptions there was a contest, and the defendant failed to give bond for said property as required by law, and Rogers, being desirous of retaining said property in his possession, "Now, if the said W. H. Rogers, plaintiff, be cast in the said contest and the same be adjudged against him, and shall within thirty days thereafter deliver the said property to the said defendant, and shall pay all costs and damages that may result from the detention thereof, this obligation to be void, otherwise to remain in full force and effect." The plaintiff then averred in his complaint that W. H. Rogers was cast in said contest of the claim of exemptions, and had not within 30 days after judgment in such contest, delivered the horse to the plaintiff in the present suit, whereby the plaintiff lost said property ; and further, that Rogers failed to pay the costs and damages.

The defendants filed several pleas, demurrers to which were sustained, and, defendants failing to plead further,

[Troy v. Rogers, *et al.*]

upon the motion of the plaintiff, judgment by default was rendered in his behalf. Upon the inquiry before the jury as to the amount of the plaintiff's damages, the plaintiff offered in evidence the bond sued on, which was executed by the defendants, and which had the indorsement of the sheriff, reciting that judgment had been rendered against the plaintiff on March 16, 1895, and that the plaintiff had failed to deliver the property, and pay the damages as required by the conditions of the bond. This indorsement was signed by the sheriff and dated April 19, 1895; and it was agreed by the parties that judgment in the contest of the claim of exemptions was rendered on March 16, 1895, as recited in said instrument.

The plaintiff then offered, as evidence upon the question of the value of the horse mentioned in the bond, the record of the judgment rendered by the court on the 16th day of March, 1895, upon the contest by the defendant Rogers of the plaintiff's claim of exemptions to the horse, which had been delivered to said Rogers upon the execution of the bond now sued on, and the non-delivery of which is alleged as a breach of said bond. In this judgment entry the value of the horse, which was claimed by the defendant as exempt, was assessed at the sum of $100. To the introduction of this record of the judgment the defendant objected. The court sustained the objection, and the plaintiff duly excepted.

Upon the hearing of the evidence as to the amount of the plaintiff's damages, the court rendered judgment for the plaintiff in the sum of $27.85. From this judgment the plaintiff appeals, and assigns as error the ruling of the court in sustaining the objection of the defendant to the introduction in evidence of the record of the judgment in the contest suit.

JOHN LONDON, for appellant.—1. A judgment against the principal alone, for acts or omissions which are a breach of the conditions of his bond, given in a judicial proceeding, is, in the absence of fraud or collusion, evidence in an action brought by the same plaintiff against the sureties on the bond.—21 Amer. & Eng. Encyc. of Law, 169, 170; 1 Herman on Estop., §§ 158, 159, 160, 161; Freeman on Judgments, §§ 176, 180; Brandt on Suretyship and Guaranty, § 110; 1 Greenleaf on Evi-

[Troy v. Rogers, *et al.*]

dence, § 523 ; *Charles v. Hoskins*, 83 Amer. Dec. 378 n. 2 ; *Stovall v. Banks*, 10 Wall. 583 ; *Wood v. Mann*, 125 Mass. 319 ; *Fall River v. Riley*, 140 Mass. 488 ; *Scofield v. Churchill*, 72 N. Y. 565 ; *McBroom v. Sommerville*, 2 Stew. 515 ; *McBroom v. The Governor*, 4 Port. 90 ; *Jaffray v. Smith*, 106 Ala. 112 ; *Triest v. Enslen*, 106 Ala. 180.

2. If a person enters into a contract of indemnity, whereby he agrees to become responsible for the result of litigation, or if by operation of law such a responsibility is cast upon him without any agreement, he will, in the absence of fraud or collusion, be conclusively bound by the judgment rendered, whether he had notice of the action in which it was rendered or not.—Wells on *Res Adjudicata*, § 196 ; Freeman on Judgments, § 176 ; *Riddle v. Baker*, 13 Cal. 295, 306 ; *Methodist Church v. Barker*, 18 N. Y. 463 ; *Conner v. Reeves*, 103 N. Y. 527 ; *Jane v. Platt*, 47 Ohio St. 262.

3. A judgment of a court of general jurisdiction is conclusive of every point which has been either expressly or by implication in issue.—21 Amer. & Eng. Encyc. of Law, 204 ; Bigelow on Estoppel, 158 ; *Roberts v. Heim*, 27 Ala. 678.

J. W. BUSH; *contra*, cited *Roswald & Stoll v. Hobbie & Teague*, 85 Ala. 73, 75.

McCLELLAN, J.—Section 2532 of the Code of 1886, (Code of 1896, § 2058), is as follows : "When bond has been executed by the plaintiff or the defendant for the forthcoming of the property in contest, the value of the property and the damages resulting from its retention must be assessed by the court or jury trying the contest ; and if the unsuccessful party fails for twenty days after judgment to deliver the property and pay the damages, as required by the condition of the bond, it shall be the duty of the sheriff to make due return of that fact ; and upon such return being made, the bond shall have the force and effect of a judgment, and execution may issue thereon against the obligors on the bond for the value of the property and the damages assessed, or either, and costs." The bond referred to in this section is that provided by two preceding sections to be given by the defendant—section 2522 of Code of 1886 (Code of 1896, § 2048)—or, if he fail for five days, &c., by the plaintiff—

section 2523 of Code of 1886 (Code of 1896, § 2049)—
where personal property has been levied upon, a claim
of exemption thereof has been interposed by the defend-
ant in the process, and such claim is contested by the
plaintiff in the process. For all the purposes of these
several sections, it is immaterial whether the process is
a writ of attachment or an execution upon judgment;
the one essential in this connection is that a *levy*, whether
of the one writ or the other, has been made upon the
property; the statutes employ only the word "levy."
Hence it is that a bond reciting a levy without more,
would be in strict conformity to the statutory require-
ment and fully show the statutory occasion and consid-
eration for its execution. If, however, it recited the
levy of an execution or of an attachment, as might be
the fact, it would not, of course, be objectionable there-
for. Neither, of course, would it be aided thereby. A
question in this case is as to the effect upon such bond,
as a statutory obligation and in respect of the summary
proceedings upon it authorized by the section quoted, of
a misrecital therein of the process levied upon the prop-
erty in contest; the fact being that an attachment was as
levied and the recital being that an execution was levied.
We can not think the misrecital is of any importance.
The fact misstated, being of matter of mere inducement
to the obligation, and not necessary to be stated at all
as inducement or otherwise, is surplusage, and to be
disregarded as such. With or without the characteriza-
tion of the levy as having been made under an execution,
and whether such characterization be true or false, the
bond fills all the terms of the statute; it shows upon its
face that it was given for the forthcoming of certain
property levied upon and claimed as exempt, it identifies
the contest with respect to the pendency of which it is
given, and shows that the obligors bind themselves to
the forthcoming of the particular property involved in
that contest. It is essentially the bond the execution of
which by the plaintiff or defendant forms the basis for
an assessment of the value of the property in contest,
and the summary proceedings thereon authorized by sec-
tion 2532.

It follows that the assessment by the city court of the
value of the property in contest in and by the judgment
sustaining the claim of exemptions was authorized and

required by the statute. The value being an issue in that case and therein determined, the parties to the case are bound and concluded by that determination. The sureties on the forthcoming bond given by the plaintiff on the contest, though not strictly parties to the cause, are bound by the judgment equally with their principal, no fraud or collusion intervening; they might have discharged the bond by paying the value so assessed, and the assessment being thus conclusive in their favor must be so also against them. The present plaintiff might have had the bond returned forfeited and an execution issued upon it as a judgment; but these rights were not exclusive of his right to sue, as he has in this case, on the bond itself, and recover thereon what has been ascertained judicially in a proceeding to which the obligors were parties, or the judgment in which was as binding upon them as if they had been parties to the record, to be the value of the property which the bond required should be delivered to him, but which in breach of the condition thereof has been withheld by the principal in the undertaking.

The city court erred in excluding the judgment in the contest from the jury; and its judgment is reversed. The cause is remanded.

Reversed and remanded.