State *v.* Boies.

———

STATE OF MAINE *versus* ITHAMER BOIES *& als.*

The repeal of the statute of 1855, c. 166, entitled "An Act for the suppression of drinking-houses and tippling-shops," by the statute of 1856, c. 255, takes from the courts all power to render judgment or to pass sentence against any one charged with an *offence* under the repealed Act.

*But* where a defendant had appealed from a decision rendered under the Act of 1855, and had entered into a recognizance in the usual form to prosecute his appeal, he is liable if the appeal is not entered; the forfeiture claimed under the recognizance being no part of the punishment for the offence.

The *right* to enforce a recognizance does not depend upon the guilt or innocence of the accused.

The *remedy* authorized by the statute of 1855, c. 166, § 24, for a breach of the condition of a recognizance, is only cumulative to the common law remedy.

Where the statute requires a defendant to enter into a recognizance to *"prosecute* his appeal," and the condition in the bond is " to *enter* his appeal," the latter term is included in the former.

ON DEMURRER.

This was an Action of Debt on a recognizance.

A general demurrer was pleaded to the writ.

The points put in issue in the case fully appear in the opinion of the Court.

*Stewart & Hutchinson,* for the State.

*Webster,* for defendant.

MAY, J. — This is an action of debt brought upon a recognizance entered into by the principal defendant with sureties before a justice of the peace, upon taking an appeal from a judgment rendered against him by said justice for an offence under the statute of 1855, c. 166, entitled " An Act for the suppression of drinking-houses and tippling-shops." The defendants put in a general demurrer to the writ, which is joined.

It is contended first, that the demurrer must be sustained, because the statute creating the offence, for which the principal defendant was tried, has been repealed by the statute of 1856, § 28, c. 255, without any saving clause as to prosecutions then pending. Such repeal has, it is true, taken from the Court all power to render judgment or pass sentence against said defendant for the offence with which he was charged, but the forfeiture claimed under the recognizance is no part of the punishment for said offence. This is a civil suit, and the recognizance upon which it rests is a proceeding authorized by law to secure the presence of the party accused in Court at the proper time and place when and where he was to be tried upon his appeal. Such proceeding has the twofold object of relieving the party from imprisonment until his trial, and to compel his attendance at it in order that the question of his guilt or innocence may be de-

termined according to law. It does not follow, therefore, that this action, founded as it is upon contract, should fail because said principal defendant must be acquitted or discharged upon the complaint against him. The right to enforce a recognizance, in no way depends upon the question of the guilt or innocence of the accused, and that question can only be determined by trial upon the complaint. Even if innocent, the defendant was bound to appear at the time and place of trial, and it would be unreasonable to permit him, after entering into the recognizance, to violate its condition, as it might subject the government, rightfully relying upon its performance, to great expense for the attendance of the witnesses and the preparation of the case. For the same reasons that the principal defendant cannot be permitted to show his innocence of the crime whereof he is accused in defence of this action, he cannot set up the repeal of the statute without any saving clause, which created the offence, especially, when the condition of the recognizance was broken, as in this case, before the repeal.

The second objection relied upon is, that the statute having provided in the 24th section *a specific* remedy for a breach of the condition of this recognizance, an action of debt will not lie therefor, and that such remedy alone can be pursued. The Court are of opinion, that the remedy authorized by the peculiar provisions of this statute, like that of *scire facias*, is only cumulative to that which the common law affords. *Commonwealth* v. *Greene*, 12 Mass. 1; *State* v. *Fulsom*, 26 Maine, 209. But it is said in argument, that if an action of debt can be maintained in this case, it must be brought within the time limited by the statute for the specific remedy in the 24th section. However this may be, it is not open to the defendants to set up this defence upon a demurrer. It can be taken advantage of only by a proper plea in bar. *Frohock* v. *Pattee*, 38 Maine, 103.

The third objection which is urged, is that the recognizance is void because the principal defendant is required in the condition " to enter his appeal," and it is said, that such

requirement is unauthorized by the statute. If this were so, the authorities show that this objection would be well taken; but we are not satisfied that the requirement in the condition is not fully authorized by the statute. We think it is included in that provision of the statute which required the principal defendant to enter into recognizance to prosecute his appeal.

One other objection was relied upon in defence, and that was, that the recital of the complaint and warrant, as set forth in the declaration, shows that they might and ought to have been quashed or abated for defects therein and irregularities of proceeding which appear upon their face. If this be so, enough appearing from the recital to show that the magistrate had jurisdiction in the case, as we think the declaration shows, they cannot be examined into in this suit. If he had appeared according to the condition of his recognizance, and such defects and irregularities had been found to be fatal, they would have availed him.

Upon the whole case, we are satisfied, that the demurrer must be overruled.

TENNEY, C. J., and HATHAWAY, RICE and CUTTING, J. J., concurred.