The T. E. Hill Company, for use of William A. Bither,. Assignee, Plaintiff in Error, v. The United States Fidelity and Guaranty Company, Defendant in Error.

### Gen. No. 14,932.

1. RES JUDICATA—*effect of erroneous decision.* If a final adjudication has been made upon a question such question is *res judicata* as be-

tween the parties to the litigation notwithstanding a higher court may subsequently have construed the law so as to show that such adjudication was erroneous.

2. BANKRUPTCY—*what not essential to maintenance of action upon bond given upon appointment of receiver.* The appointment of a receiver having been determined to have been wrongful an action upon the bond given upon such appointment may be maintained without first having the bankruptcy court fix the costs and damages occasioned by such wrongful appointment.

3. BANKRUPTCY—*when appointment of receiver wrongful so as to support action upon bond.* If the appointment of a receiver is set aside an action upon the bond given upon such appointment may be maintained upon the ground that such appointment was wrongful notwithstanding the court had jurisdiction of the parties and of the subject-matter and had not been imposed upon by any malice or fraud or lack of probable cause on the part of the petitioner.

4. BANKRUPTCY—*effect in action upon bond of voluntary assignment following wrongful appointment of receiver.* Notwithstanding a corporation for which a receiver is wrongfully appointed makes a voluntary assignment for the benefit of creditors its damages upon the bond given upon such appointment are not restricted to the time up to such voluntary assignment.

Action in debt. Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and judgment here. Opinion filed July 15, 1910. Rehearing denied October 4, 1910.

BUELL & ABBEY, for plaintiff in error.

JOHN A. BLOOMINGSTON, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

After a petition in involuntary bankruptcy had been filed against plaintiff in error and pending the adjudication, on application, a receiver was appointed. Defendant in error was surety on the bond given pursuant to an order of court. The order, after reciting that the appointment was necessary for the preservation of the estate, appointed one Coleman and provided "that the petitioning creditor file a bond in the sum of $5,000 as provided by statute before said receiver shall take possession under this appointment." Subsequently, the adjudication of bankruptcy was denied by the District Court

and on appeal the order denying adjudication was affirmed by the United States Circuit Court of Appeals on the ground that this corporation did not fall within the class which under the Act could be thrown into bankruptcy. In re T. E. Hill Co., 148 Fed. 832. The petition for the appointment of the receiver was also subsequently dismissed.

While the United States Supreme Court, although it refused a writ of *certiorari* to review this decision, has since then, in Friday v. Haul & Kane Co., 216 U. S. 449, held that such a construction company may be proceeded against in bankruptcy, nevertheless, the decision of the Circuit Court of Appeals is *res adjudicata* as between the parties to the present litigation. It is therefore immaterial whether, under the United States Supreme Court interpretation of the Bankruptcy Statute, an adjudication of bankruptcy would or would not have been entered.

The sections of the U. S. Bankruptcy Act involved in this case are as follows:

Sec. 2, subsec. 3: "appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified;"

Sec. 3 e: "Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond with at least two good and sufficient sureties who shall reside within the jurisdiction of said court, to be approved by the court or a judge thereof, in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking and detention of the property of the alleged bankrupt.

If such petition be dismissed by the court or withdrawn

by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses and damages occasioned by such seizure, taking or detention of such property. Counsel fees, costs, expenses and damages shall be fixed and allowed by the court, and paid by the obligors in such bond."

Sec. 69: "Possession of property. (a) A Judge may, upon satisfactory proof, by affidavit, that a bankrupt against whom an involuntary petition has been filed and is pending has committed an act of bankruptcy, or has neglected or is neglecting, or is about to so neglect his property that it has thereby deteriorated or is thereby deteriorating or is about thereby to deteriorate in value, issue a warrant to the marshal to seize and hold it subject to further orders. Before such warrant is issued the petitioners applying therefor shall enter into a bond in such an amount as the judge shall fix, with such sureties as he shall approve, conditioned to indemnify such bankrupt for such damages as he shall sustain in the event such seizure shall prove to have been wrongfully obtained. Such property shall be released, if such bankrupt shall give bond in a sum which shall be fixed by the judge, with such sureties as he shall approve, conditioned to turn over such property, or pay the value thereof in money to the trustee, in the event he is adjudged a bankrupt pursuant to such petition."

The Supreme Court of the United States, under the power vested in it by the Bankruptcy Act of 1898, section 30, has prescribed a form of bond, Official Forms No. 9, to be given when the marshal is directed to seize and hold property. Such a bond is to be conditioned on indemnifying "for such damages as he shall sustain in the event such seizure shall prove to have been wrongfully obtained." No form is prescribed by the Supreme Court for use when a receiver is appointed, but General Order No. 38 provides that:

"the several forms annexed to these general orders shall be *observed and used with such alterations as may be necessary to suit the circumstances in any particular case."*

While the language of section 69 (a) differs from that of 3 (e) in that under section 69 (a) damages caused by a seizure proven "to have been wrongfully obtained" are re-

coverable, while under section 3 (e), damages occasioned by the seizure are recoverable in case the petition is dismissed, nevertheless, as the appointment of the receiver and the warrant to the marshal are aimed to accomplish identically the same objects, these clauses should, if possible, be given the same interpretation. It seems clear that the Supreme Court was of this opinion; otherwise a form of bond to be given under section 3 (e) would have been prescribed.

As we have held in T. E. Hill Co. for use, etc. v. Contractors Supply & Equipment Co., 156 Ill. App. 270, a case growing out of these same bankruptcy proceedings, there is no common law action merely because of having secured the appointment of a receiver in proceedings which are subsequently dismissed; malice and lack of probable cause are essential.

Section 3 (e) therefore creates a new cause of action. It provides not only for the giving of a bond conditioned on payment of costs and damages if the petition is dismissed—and irrespective of malice or probable cause—but it also provides, apart from the bond, that if the petition be dismissed, the respondent shall be allowed his costs and damages occasioned by the seizure and that they shall be fixed and allowed by the court and paid by the obligors on the bond.

The first question that suggests itself is whether, under the language of section 3 (e), the costs and damages must be fixed by the bankruptcy court before an action can be maintained on the bond.

If the bond required by the court had been expressly conditioned upon the payment of such damages as should be fixed and allowed by the court, then clearly no breach thereof could have been assigned unless the bankruptcy court had first allowed the damages.

Such was the rule in this State under the injunction act in force since 1861 and prior to the express provision of the act of 1874 under which an action on the bond can be maintained without first having the damages assessed in the original proceeding. Brownfield v. Brownfield, 58 Ill. 152. But this and other decisions are based, not on any statutory

requirement, but on the express language of the bond. Mix v. Vail, 86 Ill. 40, 44–5.

Neither section 69 (a) nor the form of bond prescribed by the Supreme Court justifies the conclusion that such allowance is a condition precedent. In fact, there is no express statutory provision for such an allowance by the bankruptcy court when the marshal has been directed to seize the property. While section 3 (e) might be interpreted to require a bond so conditioned to be given, nevertheless, in our judgment and in view of section 69 (a) this is neither the necessary nor the better interpretation thereof. In any event, such a bond was not required in this case and, whether the instrument executed be called a statutory or a common law bond, the court would not be justified, for the better protection of the surety, to insert therein, or to imply therefrom, an additional condition to its enforcibility. It follows therefore that, while under section 3 (e), the District Court could have assessed the damages sustained upon the dismissal of the proceedings, the parties could likewise, independently thereof, enforce this bond.

It is, however, urged that the order for the seizure in this case was not wrongfully obtained inasmuch as the court had jurisdiction of the parties and the subject-matter and had not been imposed upon by any malice or fraud or lack of probable cause on the part of the petitioners.

It is and it must be conceded that if the bond given in this case had been conditioned according to the language of section 3 (e), to indemnify the obligee "for all damages occasioned by the seizure of the property in case the petition be dismissed" it would have been enforcible, regardless of the petitioner's good faith; but it is urged that as the condition in the bond now sued upon is, in the language of section 69, to indemnify the obligee "for such damages as it shall sustain in the event such seizure shall prove to have been wrongfully obtained," it cannot be enforced merely because the petition has been dismissed; that the words "wrongfully obtained," mean that the order must have been obtained through some fraud or imposition upon the court or with

malice and without probable cause; that the object of the statute, at any rate of 69 (a) is, not to give a new cause of action, not to make a petitioner seeking such an order act at his peril, but to afford to the respondent additional security, in the shape of a bond, for his common law remedy when a seizure has been made, under an order of court obtained maliciously and without probable cause.

If section 69 (a) stood alone, there would be much force in this contention; but in the light of section 3 (e), and in view of the common purpose of both sections, the words "wrongfully obtained" in section 69 (a) are to be given a broader interpretation so as to include the securing of an order of seizure which shall ultimately be held to be so erroneous as to require the dismissal of the petition. The two sections will thus provide for the same kind of a bond.

If this be the correct interpretation of section 69 (a) the same meaning must be attributed to these words in the form of bond prescribed by the Supreme Court. And as the present bond was given pursuant to the general orders of that court that the prescribed forms should be observed with such alterations as may be necessary to suit the circumstances, no different meaning can be placed upon this clause in the bond here in question, which differs from that prescribed for section 69 (a), by substituting the word receiver for marshal.

Under the final decision of the Circuit Court of Appeals the order appointing the receiver must be held to have been wrongfully obtained.

The court refused to hold as requested by plaintiff:

"That where a receiver is appointed in a bankruptcy proceeding, without the consent of the alleged bankrupt, or the person whom it is sought in such proceeding to have adjudicated a bankrupt, and where the proof shows that the petition in bankruptcy is dismissed, it is conclusive proof that the appointment of a receiver in such proceeding was not justified, and the seizure of property of the alleged bankrupt by such receiver was wrongfully obtained."

Defendant contends that this finding is not applicable to the facts inasmuch as the alleged bankrupt did not actively

object to the appointment of the receiver or move at once to set aside the order. We are, however, satisfied from the evidence that it in no respect, at any time, consented to any of the proceedings and therefore the court erred in refusing to hold this proposition of law.

It is, however, urged that inasmuch as the plaintiff in error made a voluntary assignment for the benefit of its creditors some two months after the order appointing the receiver, and inasmuch as the bond in question is conditioned on indemnifying the obligee for its damages, no damages suffered after the appointment of the assignee can be considered.

If the Hill Company had sold all of its interest in the property to a stranger, there would be much force in this contention inasmuch as it could suffer no damages after such a sale; it is otherwise, however, in the case of an assignment for the benefit of creditors. The assignor retains an interest in its property; notwithstanding the assignment it remains liable for its debts; after their payment the remaining property is to be returned to it. The wrongful detention of its property after the voluntary assignment is therefore a damage to it within the meaning of the word as used in this bond, in depriving it of the opportunity, through loss of the rental value, of having its assignee increase the fund for its creditors and ultimately for it.

Plaintiff in error was, therefore, entitled to recover all of its damages not exceeding the penalty of the bond. As these greatly exceeded the penalty, the judgment in favor of defendant rendered by the trial judge to whom the case was submitted without a jury will be reversed and judgment entered here in favor of plaintiff for $5,000 debt and $5,000 damages.

*Reversed and judgment here.*