# Jaffe *v.* Fidelity & Deposit Company.

## *Assumpsit.*

(Decided January 23, 1913.   60 South. 966.)

1. *Garnishment; Dissolution; Bond; Liability.*—Where a defendant gives bond under section 4313, Code 1907, for the dissolution of garnishment and its execution and delivery accomplishes that end to the detriment of the plaintiff, the bond is supported by a sufficient consideration.

2. *Same; Enforcement.*—The provision of section 4314, Code 1907, does not have the effect of an exclusive remedy, and a plaintiff obtaining a judgment against a defendant who has executed a bond under that section to dissolve the garnishment may maintain an independent action on the bond.

3. *Bonds; Enforcement at Common Law.*—The fact that a bond is good as a statutory bond and enforceable by the method provided by a statute, does not of itself prevent its enforcement by a common law action.

4. *Actions; Statutory Remedy; Cumulative Remedy.*—As a rule, a special statutory remedy is cumulative and is not exclusive of the ordinary jurisdiction of the court, unless the manifest intention of the statute is to make the special remedy exclusive, which intent must be manifested by affirmative words to that end.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by L. Jaffe against the Alabama Fidelity & Deposit Company on a garnishment bond. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Z. T. RUDOLPH, for appellant. The remedy provided by section 4313, Code 1907, is not exclusive, and a common law action may be maintained on the bond.—*Carpenter et al. v. Miller,* 2 Ala. App. 373.

FRANK S. WHITE & SONS, for appellee. The judgment was rendered against defendant, but was not rendered against the obligors on the bond as is required by section 4313. The statute is mandatory and excludes

all discretion in the court and imposes the absolute duty to perform its requirement.—66 N. Y. Supp. 191; 48 N. E. 149; 3 N. Y. Supp. 850; 57 Barb. 190; 5 Words & Phrases, 4644. Garnishment is of statutory origin and must be exercised within the state.—64 Ala. 368; 72 Ala. 32; 146 Ala. 604.

THOMAS, J.—The appellant, Jaffe, brought suit against the Koplin Iron Company, and in aid thereof procured ancillary writs of garnishment to be issued and served upon divers corporations supposed to be indebted to said Koplin Iron Company.

The latter, under the provisions of section 2184 of the Code of 1896, now 4313 of the Code of 1907, executed bond, conditioned in all particulars as therein required for the dissolution of the garnishments, with the appellee, the Fidelity & Deposit Company of Maryland, as surety on said bond. The appellant, Jaffe, thereupon proceeded to obtain judgment in the original suit against the defendant, the said Koplin Iron Company, but for some reason, probably an oversight of the trial court, not made to appear in the record, no judgment was rendered against the surety on the said dissolution bond, the said Fidelity & Deposit Company of Maryland, the appellee, as provided for and required by said section 4313 (2184) of the Code under which the bond was executed.

The appellant then brings the present suit against said surety, declaring on the said dissolution bond, alleging that the plaintiff, appellant, had obtained a judgment, describing it, against the principal obligor, the Koplin Iron Company, and that the conditions of the bond had been broken in that said surety had failed to pay said judgment and costs, as by the express terms of said bond it bound itself to do. A demurrer was interposed

to the complaint, containing divers grounds, several of which were sustained by the trial court. Among the number expressly sustained in the judgment entry by reference to its number is the following: "For that it is affirmatively shown in said count that the plaintiff did not pursue the remedy afforded him by the statute in taking a judgment against the surety on the garnishment dissolution bond at the time the judgment was rendered against the Koplin Iron Company, and he thereby waived any right or rights which he may have had to a judgment against this surety." This presents the real controversy between the parties, and raises the question as to whether or not the statutory remedy for the enforcement of the bond afforded by said section 4313 of the Code is exclusive or merely cumulative of common law remedies.

If it is merely cumulative, and the plaintiff failed to take advantage of the statutory remedy at the proper time, he is not, of course, precluded now from pursuing a common-law action on the bond, provided it, the bond, is supported by a sufficient consideration, about which latter, we think, there can well be no doubt, for by the execution and delivery of the bond the surety accomplished the dissolution of the garnishments to the detriment of the plaintiff.—*Munter & Faber v. Reese,* 61 Ala. 395.

The mere fact that the bond is good as a statutory bond and enforceable in the method provided by the statute does not of itself prevent recourse to a common-law action for its enforcement.—5 Cyc. 813; *Bullock v. Trawcek* (Tex. Civ. App.) 20 S. W. 724; *Hill v. Fidelity Co.,* 157 Ill. App. 261.

The general rule is that a special remedy given by statute is cumulative, and not exclusive of the ordinary jurisdiction of the courts, unless the manifest intention

of the statute be to make such special remedy exclusive, and such intention must be manifested by affirmative words to that effect.—*Parks v. State ex rel., etc.,* 100 Ala. 647, 13 South. 756.

The appellee contends that the use of the word "must" in the statute—"the court must also render judgment against the obligors in the bond for the amount of such judgment" rendered against the principal—makes the duty imperative upon the court, and the remedy exclusive. In the light of the decisions of our Supreme Court, we cannot so agree. In the case of *Ernst Bros. v. Hogue,* 86 Ala. 504, 5 South. 738, the court had under consideration the question as to whether or not the remedy was exclusive, which was afforded to the defendant in a detinue suit by a statute, identical in effect with section 3788 of the present Code, providing that in such suit, when the property sued for is in the possession of the plaintiff under a replevin bond, and the suit is dismissed or abated, it shall be the duty of the court to render judgment for defendant against the plaintiff for the property, or its alternate value, together with the damages assessed by the jury for the use or hire thereof. The court had failed to render a judgment for defendant as there provided, and the defendant subsequently brought suit on the replevin bond, and the question was raised that the statutory remedy was exclusive, and that, therefore, the action on the bond could not be maintained. The Supreme Court, CLOPTON, J., writing the opinion, held to the contrary.—*Ernest Bros. v. Hogue,* 86 Ala. 504, 5 South, 738. See also, to the same effect, *Wood v. Coman,* 56 Ala. 283; *Harrison v. Hamner,* 99 Ala. 605, 12 South. 917; *Woodruff v. Stough,* 107 Ala. 328, 18 South. 258; *Ex parte Bolton,* 136 Ala. 149, 34 South. 226; *Masterson v. Matthews,* 60 Ala. 260. In the last case cited above, Judge STONE, speaking for

the court, uses this language: "Nor is it any defense to this action [a suit by plaintiff on defendant's replevin bond in detinue] that ordinarily, a replevin bond, given by defendant in an action of detinue, has the force and effect of a judgment, when properly indorsed and returned forfeited. This is but a cumulative, summary remedy, and does not take away the common-law right to sue on the bond." We can discover no such difference between the two statutes—the one there and the one here under consideration—as would necessitate a different construction of the one here in the particular mentioned. Hence we hold that the lower court erred in sustaining the demurrer to the complaint.

The cause is therefore reversed and remanded.

Reversed and remanded.