(80 South. 84)

## KOPLIN IRON CO. et al. v. JAFFE.
### (6 Div. 817.)

(Supreme Court of Alabama. Nov. 21, 1918.)

1. GARNISHMENT ⊕247—DISSOLUTION BOND —ENFORCEMENT—REMEDY.

The fact that judgment was not rendered against surety on garnishment dissolution bond at time judgment was rendered against defendant in original action, as required by Code 1907, § 4313, does not preclude independent action on such bond against surety.

2. GARNISHMENT ⊕247—DISSOLUTION BOND —ENFORCEMENT—REMEDY.

Where judgment was not rendered against surety on garnishment dissolution bond at time judgment was rendered in original action against principal on such bond, as required by Code 1907, § 4313, joining of such principal in independent action against surety on such bond was not improper.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by L. Jaffe against the Koplin Iron Company and another. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 499, § 6. Affirmed.

Suit for the alleged breach of a garnishment dissolution bond executed by Koplin Iron Company, as principal, and Fidelity & Deposit Company of Maryland, as surety. In the case of Jaffe v. Koplin Iron Company, the plaintiff procured ancillary writs of garnishment to be issued and served upon divers corporations supposed to be indebted to said Koplin Iron Company; and the latter company—under the provisions of section 4313 of the Code of 1907—executed bond, conditioned as required for the dissolution of garnishments, with the Fidelity & Deposit Company as surety on said bond. Judgment was rendered in the original suit in favor of Jaffe against the defendant, Koplin Iron Company; but at that time no judgment was rendered against the surety on the dissolution bond, as provided by the above section of the Code. Appellee (plaintiff) then brings this suit for recovery on said dissolution bond, making the Koplin Iron Company, as the principal obligor, a party defendant with the surety, Fidelity & Deposit Company of Maryland.

Demurrers were interposed to the complaint and overruled. The cause was submitted to the court without a jury upon agreed statement of facts in substance conforming with the above. Judgment was rendered in favor of plaintiff against defendants, from which judgment this appeal is prosecuted.

Frank S. White & Sons, of Birmingham, for appellants.

Z. T. Rudolph, of Birmingham, for appellee.

GARDNER, J. Upon the former appeal in this cause (Jaffe v. Fidelity & Deposit Co., 7 Ala. App. 206, 60 South. 966), it was held by the Court of Appeals that, notwithstanding the plaintiff failed to obtain a judgment against the obligors in the bond at the time of the rendition of the judgment against the defendant Koplin Iron Company, as was authorized by section 4313 of the Code of 1907, yet the plaintiff could still maintain an independent action on said bond; the statutory remedy not being exclusive.

[1] It is strenuously insisted upon this appeal that this ruling was erroneous, and the former decision should not be followed. We have carefully considered the opinion of the Court of Appeals on the former appeal of this cause, and have reached the conclusion that the holding there was correct. We enter into no discussion of the question, but content ourselves with the approval of what was there said. The demurrers were therefore properly overruled.

[2] The Koplin Iron Company was the principal obligor upon the bond upon which this suit is based, and we see no impropriety in having said company made a party defendant in this action together with the surety, Fidelity & Deposit Company, notwithstanding the amount involved may be the same, with interest added, as that embraced in the original judgment against the Koplin Iron Company, which remains unsatisfied. We find no error in the record, and the judgment is accordingly affirmed.

Affirmed.

McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.