### FIRST NAT. BANK OF ANTIOCH v. McKEAN et al.

(Circuit Court of Appeals, Ninth Circuit. December 11, 1922.)

No. 3911.

1. Attachment ⊜337, 342—Statutory remedy against sureties on forthcoming bond held not exclusive.

Where a forthcoming bond was given by a defendant for release of an attachment. conditioned for payment by defendant of any judgment obtained by plaintiff, or on his default by the sureties on demand, L. O. L. § 308, providing that in such case the court, on giving judgment against the defendant, "shall also give judgment in like manner and with like effect" against his sureties, provides a cumulative and not an exclusive remedy, and 'failure to render such judgment against the sureties does not release them from their undertaking, which may be enforced by a separate action against them on the bond.

2. Attachment ⊜338—Bond for release, conditioned for payment of judgment, not substitute for attached property.

A bond given for the release of attached property, conditioned for payment of any judgment recovered against the defendant, is not a substitute for the attached property, but is an original unconditional contract of the sureties, to which the attachment laws have no application.

3. Principal and surety ⊜132—Summary statutory remedies against sureties are cumulative.

Summary statutory proceedings against sureties on a bond are for the benefit of the obligee, and are to be construed as cumulative remedies, and not exclusive.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action at law by the First National Bank of Antioch against R. H. McKean and others. Judgment for defendants, and plaintiff brings error. Reversed.

On November 25, 1919, the plaintiff in error commenced an action in the circuit court of the state of Oregon for Sherman county against H. B. Thornberry to recover $12,906.08, with interest and costs, and the further sum of $1,060, attorney's fees. On the same day a writ of attachment was issued and duly levied upon all the real property of said Thornberry in that county. On January 17, 1920, Thornberry filed in that action an undertaking which was executed by the defendants in error herein. The undertaking re- cited the issuance and levy of the attachment, and the application of the defendant in that action to discharge the attachment and release the attached property, and it provided that, in consideration of the premises and for the purpose of making the order, the said Thornberry, as principal, and the several defendants in error herein, as sureties, "undertake on behalf of defendant and are bound to the plaintiff in the sum of $15,000, and promise the plaintiff that, in case the plaintiff recovers judgment in said action, the defendant will, or in default thereof we, his sureties, will on demand pay to the plaintiff the amount of the judgment that he may recover against the defendant in said action, not exceeding the amount of $15,000, and the costs and dis-

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bursements of said action." Thereupon the said attached property was released and discharged from the attachment. On January 12, 1922, judgment was rendered in said action against the defendant therein for $13,902.50. The plaintiff in error, after having demanded of said sureties payment of the judgment, which payment was refused, brought an action against the sureties in the court below, and therein demanded judgment against them for $13,902.50, with interest and costs. A demurrer to the complaint was sustained, on the ground that the plaintiff in error, having failed to take judgment against the sureties at the time of the entry of judgment against Thornberry according to the provisions of section 308, Lord's Oregon Laws, lost its right to demand in any court judgment against the sureties upon the undertaking. Thereupon judgment was entered dismissing the action.

Frank W. Street and Horace M. Street, of San Francisco, Cal., for plaintiff in error.

Joseph, Haney & Littlefield and Plowden Stott, all of Portland, Or., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The question here presented is whether under the laws of Oregon, which provide that, in a case where attached property has been released by virtue of a forthcoming bond, the court, upon giving judgment against the defendant, "shall also give judgment in like manner and with like effect" against the sureties, the remedy so provided is exclusive, so that the failure thus to enter judgment against the sureties discharges them from the obligation of their undertaking. In 6 C. J. p. 351, § 741, is expressed the rule to which we find no exception among reported cases:

"An action on a bond for the forthcoming of property or discharge of an attachment is not excluded by other and summary remedies provided for the enforcement of such liabilities."

Among the cases supporting the text are Chapline v. Robertson, 44 Ark. 202; Lobdell v. Lake, 32 Conn. 16; State v. Boies, 41 Me. 344; State v. McGlothlin, 61 Iowa, 312, 16 N. W. 137; Troy v. Rogers, 116 Ala. 255, 22 South. 486, 67 Am. St. Rep. 110; McDowell v. Morgan, 33 Mo. 555; First National Bank of Elida v. George, 26 N. M. 176, 190 Pac. 1026. The cases so decided all affirm the general principle that the statutory remedies are not exclusive, but cumulative, and this, notwithstanding that the statute may provide that, if judgment goes against the defendant, the same "shall" be entered against him and his sureties (State v. McGlothlin, supra), or judgment "must" be rendered against the sureties as well as the principal (Jaffe v. Fidelity & Deposit Co., 7 Ala. App. 206, 60 South. 966).

The ground on which the court below held that the rule in Oregon differs from the rule elsewhere universally recognized is that in Oregon a series of decisions of the Supreme Court has established the doctrine that in case there is no discharge bond, and the plaintiff obtains judgment against the defendant, he waives his attachment and loses the lien thereof, unless he obtains in his judgment an order subjecting the attached property to sale in satisfaction thereof. Bremer v. Fleckenstein, 9 Or. 266; Moore Mfg. Co. v. Billings, 46 Or. 403, 80 Pac. 422;

Smith v. Dwight, 80 Or. 14, 148 Pac. 477, 156 Pac. 573, Ann. Cas. 1918D, 563. While that doctrine is opposed to the decided weight of authority (6 C. J. 486, and cases there cited), this court is of course bound by it as an authoritative construction of Oregon statutory law, so far as it may affect the decision of the present case. We are unable, however, to see how it can be said that such a rule as to the effect of the failure to take judgment against the attached property where there is no discharge bond should control decision of the question of what remedies are available to the plaintiff upon a bond which has had the effect to discharge attachment and release attached property.

[2] It is urged that the bond is a substitute for the attached property. To this we cannot assent. It may be true that, in a case where personal property has been released from attachment on a forthcoming bond, conditioned upon redelivery of the property to satisfy execution, the bond is a substitute for the attached property. But that cannot be said in the same sense of a bond which is conditioned merely upon the payment of the judgment by the sureties. In such a case the bond does not take the place of the attached property. It expresses an original contract wherein the sureties, on the condition that the attachment be discharged, bind themselves to pay the judgment in default of payment by the defendant. From the moment when such a bond is given and the attachment is discharged, the attachment laws have no further application to the action or to the rights of the parties. Illustrative of this is the generally accepted rule that, where a defendant gives a discharge bond or a bond conditioned to pay the judgment, which operates to discharge the attachment, the sureties become unconditionally liable, so that it is immaterial whether the attachment was valid or whether ground existed therefor, and that the bond operates as a waiver of the right to move for the dissolution of the attachment. 6 C. J. 338. It is so held in Oregon. Bunnemann v. Wagner, 16 Or. 433, 18 Pac. 841, 8 Am. St. Rep. 306. Such a bond is an unconditional contract to pay whatever judgment shall be rendered against the defendant on the merits of the case. Brady v. Onffroy, 37 Wash. 482, 79 Pac. 1004. The sureties in the present case did not contract that the failure to enter judgment against them should be a waiver of recourse against them. It is not so nominated in the bond. They undertook that, in case the plaintiff recovered judgment, "the defendant will, or in default thereof we, his sureties, will on demand pay to the plaintiff the amount of the judgment."

[3] The defendants in error advance as further reasons for the construction which they contend for, first, that a judgment against the sureties in the main action prevents circuity of actions and affords complete relief in one proceeding; second, such a judgment prevents the imposition of double costs on the sureties; and, third, it prevents postponement of subrogation or recourse by the sureties against their principal. The answer to all these suggestions is that the sureties may avoid all such difficulties by promptly paying the judgment which is rendered against their principal, as by their undertaking they promise to do. The contention ignores the fact, uniformly recognized, that summary proceedings against sureties are provisions for the benefit

of the plaintiff. In Trent v. Rhomberg, 66 Tex. 249, 18 S. W. 510, it was held that the benefit of those provisions would be problematical, if the obligee were confined to the statutory remedies in all cases. Said the court:

"The object of the law, as well as the ends of justice, is best accomplished by holding that these remedies are cumulative."

The judgment is reversed, and the cause is remanded for further proceedings.