SAMUEL D. COHEN, Trading under the Firm Name and Style of GRAND STORE FIXTURE COMPANY, Plaintiff, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant.

City Court of New York, Bronx County, May 23, 1928.

Liens — warrant of seizure — action to recover on undertaking executed by defendant surety company to discharge warrant of seizure in action to foreclose lien on chattels — defendant agreed to pay plaintiff amount of any judgment recovered in foreclosure action not exceeding $1,000 — plaintiff recovered judgment, but two years prior to entry thereof judgment debtor and chattels disappeared — plaintiff attempted to effect levy but forebore, in reliance upon judgment debtor's promise to furnish undertaking for release of chattels — forebearance constituted sufficient consideration for undertaking — fact that undertaking was not filed or not submitted to justice of Supreme Court for approval, does not bar recovery thereon.

In this action to recover $1,015.75 upon an undertaking executed by the defendant surety company to discharge a warrant of seizure in an action to foreclose a lien on chattels covered by the warrant, it appears that the defendant agreed to pay plaintiff on demand the amount of any judgment which might be recovered in a foreclosure action, not exceeding $1,000. The plaintiff recovered a judgment for $1,135.50, but about two years prior to the entry thereof the judgment debtor and the chattels disappeared. The plaintiff attempted to effect a levy, but forbore in reliance on the judgment debtor's promise to furnish an undertaking for the release of the chattels covered by the warrant.

Since the forbearance constituted a sufficient consideration for the undertaking, it is of no moment that the undertaking was not filed or that it was not submitted to a justice of the Supreme Court for approval, or that the order was not entered discharging the warrant.

Failure to observe the formalities of the statutory provisions relating to bonds or undertakings furnished thereunder, does not relieve the surety from its common-law obligation, provided, as in this case, the instrument is supported by a valid consideration.

ACTION on undertaking executed by defendant to discharge a warrant of seizure in an action to foreclose a lien on chattels.

*Nathan Lieberman* [*Saul Godwin* of counsel], for the plaintiff.

*Wallace P. Harvey* [*Albert E. Hart* of counsel], for the defendant.

DONNELLY, J. Pursuant to the stipulation made in open court by the parties hereto, this action was tried before me without a jury and the questions of fact and of law were reserved for the court.

The plaintiff sues to recover the sum of $1,015.75 upon an undertaking under seal executed by the defendant to discharge a warrant of seizure in an action in the Supreme Court, New York county, to foreclose the lien on the chattels covered by said warrant, in which action this plaintiff was plaintiff and one Arthur T. Horton was the defendant. The defense is that no levy on the property covered by the warrant was made by the sheriff; that the undertaking was never used, and, therefore, that there is no liability thereunder.

On March 8, 1928, plaintiff recovered judgment against Horton in the action in which the warrant of seizure was issued, in the sum of $1,135.50. About two years before the entry of this judgment, which was taken by default, Horton and the chattels disappeared.

In the instant case the undertaking, after reciting (1) that " the above plaintiff having obtained a warrant of seizure against certain chattels and fixtures of the said defendant, on or about the 11th day of March, 1925," and (2) that " said defendant has applied to this court for an order to discharge the attachment against the said property," continues: " Now, Therefore, the Fidelity and Deposit Company of Maryland  *  *  *  does hereby according to the statute in such case made and provided undertake that it will pay on demand to the plaintiff the amount of any judgment which may be recovered in the action against the said defendant Arthur T. Horton, not exceeding the sum of $1,000, with interest."

By section 952 of the Civil Practice Act it is provided: " The defendant, at any time after he has appeared in the action, may apply to the judge who granted the warrant, or to the court, for an order to discharge the attachment as to the whole or a part of the property attached." (Derivation: Code Civ. Proc. § 687, without change; originally revised from Code Proc. § 240, in part.)

Section 953 of the Civil Practice Act reads: " Upon such an application, the defendant must give an undertaking,  *  *  * to the effect that, on demand, he will pay to the plaintiff the amount of any judgment which may be recovered in the action against him, not exceeding a sum specified in the undertaking, with interest.  *  *  *."

The warrant of seizure was duly issued to the sheriff of Nassau county. Thereafter, and in April, 1925, the sheriff, accompanied by Simon Israel, a representative of plaintiff's attorney, went to the place of business of the defendant Horton in Manhasset, for the purpose of executing the warrant of seizure then in his possession. After some conversation between Israel and Horton, and after waiting at Horton's store for about two hours, the latter gave Israel $150 in cash on account of plaintiff's claim; the summons and complaint in the action were served upon Horton; Israel told the sheriff to take the papers back to the sheriff's office and hold them until he heard from him, and the sheriff left, without making a levy. A few days later, Furst, Horton's attorney, telephoned to Israel and made an appointment to call " and straighten out the matter." This was followed by several visits by Furst to the office of plaintiff's attorney, at one of which Furst told Israel he had given the original undertaking to the sheriff " so that he would not come out again and rip the fixtures out." On the same day on which this undertaking was executed, Furst wrote a letter to plaintiff's attorney inclosing a copy of the undertaking, and stated: " If you desire, and consider it necessary, we will submit the bond to the court and enter an order. Otherwise, I shall rely upon your statement that no action will be taken, inasmuch as this bond has been furnished."

It is, therefore, evidence that the reason why the levy was not actually made by the sheriff was because the plaintiff, relying upon Horton's promise to furnish the undertaking for the release of the chattels covered by the warrant, forbore proceeding thereunder. This forbearance constituted a sufficient consideration for the undertaking (*Coleman* v. *Bean*, 1 Abb. Ct. App. Dec. 394, affg. 14 Abb. Pr. 38; *Christal* v. *Kelly*, 88 N. Y. 285), and, so far as the defendant herein is concerned, it is immaterial that the undertaking was not filed, or that it was not submitted to a justice of the Supreme Court for approval, or that an order was not entered discharging the warrant. Failure to observe the formalities of statutory provisions relating to bonds or undertakings furnished thereunder does not relieve the surety from his common-law obligation, provided, as here, the instrument in question is supported by a valid consideration. (*Goodwin* v. *Bunzl*, 102 N. Y. 224; *Gein* v. *Little*, 43 Misc. 421; affd., 102 App. Div. 614; *Toles* v. *Adee*, 84 N. Y. 222; *Carl* v. *Meyer*, 51 App. Div. 5; *Ehrlich* v. *Sklamberg*, 65 Misc. 5.)

Judgment for plaintiff for $1,015.75, with interest thereon from March 8, 1928.

Submit findings, etc., accordingly.