PACIFIC FINANCE CORPORATION, Plaintiff, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, June 11, 1934.

*Arthur J. Gutman*, for the motion.

*Harold A. Lerman*, opposed.

EDER, J.   Motion by defendant, under rule 106 of the Rules of Civil Practice, to dismiss the complaint as failing to state facts sufficient to constitute a cause of action.   The facts are these:

Plaintiff obtained a writ of seizure and pursuant thereto took from the possession of one Daniel Weil a certain automobile which it claimed it owned. Pursuant to section 63 of the Municipal Court Code, Weil, claiming ownership, gave the undertaking or bond of the defendant, now sued on, to regain possession of the seized chattel.

The condition of the bond is that Weil will establish ownership of the property claimed by plaintiff at the time of seizure and upon his failure to do so will pay the plaintiff the value thereof, with interest. Weil was unsuccessful; plaintiff recovered judgment. It issued execution to a city marshal who seized the automobile by virtue of the execution and sold it at public sale; it realized $105. The marshal returned the execution as satisfied only in so far as the judgment awarded possession to the plaintiff. All this appears from the complaint.

The complaint also alleges the reasonable value of the automobile when plaintiff finally obtained possession was $118. Plaintiff now sues to recover $682, with interest, representing the difference between $800, its appraised value when defendant executed the bond, and the value of the automobile when plaintiff finally regained possession.

Section 63 of the Municipal Court Code requires the undertaking to provide for delivery of the chattel to the plaintiff, if delivery thereof is adjudged, and, as well, for the payment to him of any sum which the judgment awards against the defendant.

The bond in question does not read that way. It provides, merely, that if Weil fails to establish ownership of the vehicle claimed at the time of seizure he will pay the value thereof, with interest.

Defendant claims that as the complaint itself recites that the automobile was redelivered to plaintiff after seizure under the execution in the suit against Weil, the judgment has been satisfied and plaintiff has no cause of action, even though this is not the condition of the bond.

This action, as stated, is to recover the difference in the value of the vehicle between the time plaintiff finally obtained possession and its value at the time the bond was executed.

Defendant contends this condition of the bond is invalid and cannot be enforced, as no such condition is imposed by section 63 of the Municipal Court Code, and that such condition must, therefore, be treated as surplusage; that as the bond was given under section 63, by operation of law, even though not so expressly written in the bond, the only conditions which may be read into it are those mentioned in that section.

If this be so, with the present covenant of liability treated as non-existent, in the eye of the law, plaintiff's action to recover the difference in the value of the vehicle would fail. That, it seems to me, is the crux of the matter.

It ill becomes a surety or guarantor to attempt to escape liability upon his bond, after enabling a defendant, by reason of it, to obtain repossession of a seized chattel, and a court of justice should not be staute to aid him, particularly where he seeks to escape upon technical or ingenious grounds. And this, particularly, in the case of a professional surety or guarantor who indulges in such risks for profit, and, after acceptance of a premium for assumption of the risk, proceeds to lull another into a false sense of security. Such conduct hardly commends itself to a court of justice and is equally repellant to any person of honest instincts and inclinations. The natural recoil of feeling experienced by every right-thinking person is apparent. Only when compelling necessity demands or requires it should a court of justice countenance such attempts at escape from the obligations of a supposedly solemn undertaking.

But, though a bond or undertaking fails to comply with the precise requirements of the statute, the surety or guarantor may still be held legally and validly bound, as upon a common-law obligation, to the covenants to which he subscribed and voluntarily assumed in order to gain a desired objective. (*Goodwin* v. *Bunzl*, 102 N. Y. 224.)

Where a statute prescribes the form of a contract, the fact that there has been a deviation from the statutory form does not invalidate it; it may still be enforced as written. (*Shannon* v. *Metropolitan Life Insurance Co.*, 146 Misc. 903; *Graf* v. *Employers' Liability Assur. Corp.*, 190 Iowa, 445.) As said in *Cohen* v. *Fidelity & Deposit Company of Maryland* (132 Misc. 193): " Failure to observe the formalities of statutory provisions relating to bonds or undertakings furnished thereunder does not relieve the surety from his common-law obligation, provided, as here, the instrument in question is supported by a valid consideration."

It follows, therefore, that the bond sued on is a valid and subsisting obligation, founded upon a good and valid consideration, and legally enforcible; and as the complaint states a good cause of action (to which there apparently appears to be no defense upon the merits), the motion to dismiss it as failing to state facts sufficient to constitute a cause of action, is denied.