SANTINI FERTILIZER Co., Plaintiff and Appellant, *v.* ZENÉN ROLDÁN VELÁZQUEZ ET AL., Defendants and Appellees.

No. 6827. Argued January 14, 1936.—Decided January 23, 1936.

R. *Buscaglia* for appellant. *H. Torres Solá* and *C. Torres Laborde* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendants, nominally as sureties for the release of property attached after judgment, executed a bond or undertaking wherein, with the principal, they agreed either to return the attached property or to pay damages. Originally, the proceeding was an intervention (*tercería*) under the special law for intervention proceedings, passed in 1907, repealing and in substitution of section 247 of the Code of Civil Procedure. In such a proceeding the plaintiff obtained an alleged judgment, to which we shall refer hereafter, wherein the court held the complaint of intervention not to be good and ordered the intervener to pay, without fixing in the said judgment the amount which was to be paid and more especially without rendering any judgment against the said sureties.

It sufficiently appears from the record that the plaintiff attempted to execute against the intervener by putting due process in the hands of the marshal but was unable to collect.

The plaintiff took no further action for about fifteen months when it filed an action to recover against the said sureties the amount of $3,000 which the plaintiff alleged was the value of the attached property.

To this suit the defendants presented a demurrer substantially on the grounds that the judgment previously obtained was null and void and that the remedy of the plaintiff, in any case, should have been within the trial to determine the right of property as expressed in section 14 of the special law already referred to.

The court sustained the demurrer. The judge made the comment that it was he who had rendered the alleged judg-

ment, but that his then action was entirely null and void because the amount was not expressed and also because the sureties were not included at the time of its rendition. The court was of the opinion that the only remedy the plaintiff had even at the date of the filing of the present complaint was to seek an amendment of the alleged judgment. So deficient did the court consider the complaint that it refused to allow an amendment. In his conception we are of the opinion that the judge was in error.

■■ The bond, as appears from the complaint, was in accordance with section 6 of the Intervention Law. That section provides that the principal and sureties should return the property, and in default thereof, should be mulcted in damages for the value of the property. Numerous decisions hold, under similar statutes, that the remedy given is an additional security or means to the attaching creditor. However, if the attaching creditors do not care to avail themselves of the special statutory rights they may have recourse to an ordinary suit. *First National Bank of Antioch* v. *McKean*, 285 Fed. 557; *Jaffe* v. *Fidelity & Deposit Co.*, 60 So. 966.

In the present appeal, perhaps somewhat different from that in the Federal case, *supra*, the condition was to return the property or pay damages, and hence the principle enunciated in that case is applicable. As was said there, on page 559, "The sureties in the present case did not contract that the failure to enter judgment against them should be a waiver of recourse against them. It is not so nominated in the bond."

The *Jaffe* case, *supra*, was one where the statute was even stronger than ours in requiring judgment to be rendered against the sureties. The court there said:

"The mere fact that the bond is good as a statutory bond and enforceable in the method provided by the statute does not of itself prevent recourse to a common-law action for its enforcement. 5 Cyc.

813; *Bullock* v. *Traweek* (Tex. Civ. App.), 20 S. W. 724; *Hill* v. *Fidelity Co.*, 157 Ill. App. 261.

"The general rule is that a special remedy given by statute is cumulative, and not exclusive of the ordinary jurisdiction of the courts, unless the manifest intention of the statute be to make such special remedy exclusive, and such intention must be manifested by affirmative words to that effect. *Parks* v. *State ex rel.*, etc., 100 Ala. 647, 13 So. 756."

The case of *Pacific Finance Corporation* v. *Fidelity & Deposit Company of Maryland*, 151 Misc. 798, was a case which differed on the facts, but nevertheless we desire to take an excerpt therefrom as applicable:

"It ill becomes a surety or guarantor to attempt to escape liability upon his bond, after enabling a defendant, by reason of it, to obtain repossession of a seized chattel, and a court of justice should not be astute to aid him, particularly where he seeks to escape upon technical or ingenious grounds."

The reasoning of the cases is that the sureties have entered into a definite obligation to the attaching creditors which they are bound to fulfill whatever the form of the proceeding against them; that by their undertaking property is released and original creditors prevented from obtaining satisfaction of their judgment.

Therefore, necessarily, if it is shown that the principal is unable to pay, an action lies against the sureties.

We may, perhaps, go further and consider that the bond or undertaking in the present case was a joint and several obligation of the principal and his so-called sureties. See section 1755 of the Civil Code (1930 ed.).

It makes no difference, we hold, that the judgment in the proceeding to try the right of property was defective.

Likewise it becomes unnecessary to discuss the various meanings of the provisions of the Code of Civil Procedure relating to the release of attached property, as the parties did in their briefs and at the hearing.

In the brief of the appellees some reference is made to the fact that all the proceedings in the court below were not before us. We have no doubt that this is a complaint wherein the court had enough before it to show the obligation of the defendants. Even if this complaint were defective in any particular, an amendment ought to have been allowed and we should feel bound to reverse the case for an abuse of discretion.

We incline to the view that the defendants have a right to be heard on the value of the property at the time of its release; in other words, that the estimated value of $3,000 should not be treated as liquidated damages.

Taking the case as a whole, we feel bound to hold that the plaintiff had a cause of action by ordinary suit. The judgment should be reversed and the case sent back for further proceedings not inconsistent with this opinion.