Santini Fertilizer Co., demandante y apelante, *v.* Zenén Roldán Velázquez y Julio Muñoz Dieppa, demandados y apelados.

No. 6827.—*Sometido:* Enero 14, 1936. *Resuelto:* Enero 23, 1936.

*R. Buscaglia,* abogado de la apelante; *H. Torres Solá* y *C. Torres Laborde,* abogados de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Los demandados, nominalmente como fiadores en un levantamiento de embargo trabado sobre cierta propiedad después de sentencia, prestaron una fianza en que, en unión al principal, convenían en devolver los bienes embargados o pagar daños y perjuicios. Originalmente el procedimiento era uno de tercería bajo la ley especial de 1907, que derogó y sustituyó el artículo 247 del Código de Enjuiciamiento Civil. En dicho procedimiento la demandante obtuvo una supuesta sentencia, a que nos referiremos más tarde, en que la corte resolvió que la demanda de tercería no procedía y ordenó al tercerista que pagara, sin fijar en dicha sentencia la cantidad a ser pagada, y más especialmente, sin dictar sentencia alguna contra los aludidos fiadores.

De los autos se desprende suficientemente que la demandante trató de ejecutar la sentencia contra el tercerista, entregando al márshal la documentación correspondiente, y que no tuvo éxito en ello.

La demandante no dió paso ulterior por espacio de unos quince meses y entonces presentó una acción para recobrar de los referidos fiadores la suma de $3,000, que la demandante alegaba era el valor de los bienes embargados.

A esta demanda los demandados presentaron una excepción previa fundada substancialmente en que la sentencia

anteriormente obtenida era nula y carecía de efecto legal y que el remedio de la demandante, en todo caso, debió solicitarse en el procedimiento de tercería, conforme expresa la sección 14 de la ley especial ya mencionada.

La corte sostuvo la excepción. El juez hizo el comentario de que había sido él quien había dictado la supuesta sentencia, pero que su actuación anterior era enteramente nula e ineficaz, toda vez que la sentencia no expresaba la cuantía, y además porque no se incluyó a los fiadores al tiempo de dictarse la misma. La corte fué de opinión que el único remedio de la demandante, aun a la fecha de radicar la presente demanda, era solicitar se enmendara la supuesta sentencia. Consideró la demanda tan deficiente que se negó a permitir una enmienda. Somos del criterio que en su concepción el juez estuvo equivocado.

■■ La fianza, según aparece de la demanda, estaba de acuerdo con la sección 6 de la ley de tercería. Esta sección dispone que el principal y los fiadores devolverán la propiedad, y en su defecto que se les condenará al pago de daños y perjuicios por el valor de la misma. Numerosas decisiones sostienen, interpretando estatutos similares al nuestro, que el recurso otorgado es una garantía o remedio adicional concedido al acreedor que embarga. Empero, si los acreedores no quieren aprovecharse de los derechos estatutarios especiales, pueden acudir a un pleito ordinario. *First National Bank of Antioch* v. *McKean,* 285 Fed. 557; *Jaffe* v. *Fidelity & Deposit Co.,* 60 So. 966.

En el presente recurso, quizá algo distinto al caso federal, supra, la condición era que se devolvería la propiedad o se pagarían daños y perjuicios, y por consiguiente es aplicable el principio en él enunciado. Conforme se dijo allí, en la página 559, ''Los fiadores en este caso no convinieron en que el dejarse de dictar sentencia en su contra equivaldría a una renuncia de instituir acción contra ellos. No se dice tal cosa en la fianza.''

El caso de *Jaffe,* supra, fué uno en que el estatuto era

aún más fuerte que el nuestro al exigir que se dictara sentencia contra los fiadores. La corte allí dijo:

"El mero hecho de que la fianza sea buena como una fianza estatutaria y exigible en la forma provista por el estatuto, no impide de por sí que se acuda a una acción del derecho común para su cumplimiento. 5 Cyc. 813; Bullock v. Traweek (Tex. Civ. App.) 20 S. W. 724; Hill v. Fidelity Co., 157 Ill. App. 261.

"La regla general es que un remedio especial concedido por un estatuto es acumulativo, mas no exclusivo de la jurisdicción ordinaria de las cortes, a menos que la intención evidente del estatuto fuera hacer que tal remedio especial sea exclusivo, y tal intención debe ser manifestada por palabras afirmativas al efecto. Parks v. State ex rel., etc., 100 Ala. 647, 13 So. 756."

El caso de *Pacific Finance Corporation* v. *Fidelity & Deposit Company of Maryland,* 151 Misc. 798, fué uno cuyos hechos eran distintos, mas no obstante deseamos hacer un extracto del mismo como aplicable:

"Se ve muy mal que un fiador o garantizador trate de eludir responsabilidad en la fianza por él prestada, después de permitir que un demandado, por razón de ella, se posesione nuevamente de una propiedad embargada, y una corte de justicia no debería prestarse a ayudarle, especialmente cuando trata de evadir responsabilidad por motivos técnicos o ingeniosos."

El razonamiento de los casos es que los fiadores han contraído para con los acreedores que embargaron una obligación clara, que están obligados a cumplir no importa cuál sea el procedimiento iniciado contra ellos; que a virtud de la fianza por ellos prestada quedan ciertos bienes exentos del embargo e impedidos los acreedores originales de cobrar su sentencia.

Por tanto, la necesaria conclusión es que si se demuestra que el fiado no está en condiciones de pagar, procede una acción contra los fiadores.

Quizá podríamos ir más lejos y considerar que la fianza o garantía otorgada en este caso era una obligación mancomunada y solidaria del fiado y sus supuestos fiadores. Véase el artículo 1755 del Código Civil (ed. de 1930).

436

Resolvemos que no importa que la sentencia en el procedimiento de tercería fuera deficiente.

Igualmente se hace innecesario discutir los varios significados de las disposiciones del Código de Enjuiciamiento Civil relativas al levantamiento de bienes embargados, según lo hicieron las partes en sus alegatos y durante la vista.

En el alegato de los apelados se hace referencia al hecho de que ʻno estaban ante nos todos los procedimientos en la corte inferior. No tenemos dudas de que se trata de una demanda en que la corte tenía lo suficiente ante sí para enterarse de la obligación de los demandados. Aun si esta demanda fuera defectuosa en cualquier respecto, debió haberse concedido una enmienda y nos sentiríamos obligados a revocar la sentencia por abuso de discreción.

Nos inclinamos al criterio de que los demandados tienen derecho a ser oídos respecto al valor de los bienes al tiempo del levantamiento del embargo; en otras palabras, que el valor estimado de $3,000 no debía ser considerado como daños líquidos.

Tomando el caso en su totalidad, nos sentimos constreñidos a resolver que la demandante tenía una causa de acción mediante el ejercicio de un pleito ordinario. *Debe revocarse la sentencia y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*